Thelma L. STOVALL, Commissioner of Labor (Special Fund) (Successor to John Calhoun Wells) and Coal Miners' Pneumoconiosis Fund, Appellants,

v.

GREAT FLAME COAL CO., INC. and Elizabeth Baker, Appellees.

Court of Appeals of Kentucky.

May 18, 1984.

Discretionary Review Denied by Supreme Court Sept. 26, 1984.

Douglas A. U'Sellis, Dept. of Labor, Louisville, for appellants.

William J. Baird, III, R. Roland Case, Pikeville, for appellees.

Before HAYES, C.J., and CLAYTON and HOWARD, JJ.

HOWARD, Judge.

Appellants appeal a judgment of the Pike Circuit Court ordering the Special Fund to continue payment of Workers' Compensation benefits to the widow of the claimant, pursuant to the Life Expectancy Annuity Table.

On July 11, 1978, Roy Baker was awarded total occupational disability due to pneumoconiosis. He died of causes unrelated to the disease on March 27, 1981. His wife, Elizabeth Baker, appellee herein, was substituted on the award which was to continue until her remarriage or for Mr. Baker's life expectancy at the time he became disabled.

On October 28, 1982, Mrs. Baker received a notice that her benefits would cease, permitting recoupment of the attorney fee paid her attorney following her husband's original award. She then filed a complaint and/or motion for enforcement of the award pursuant to KRS 342.305 in Pike Circuit Court alleging that his life expectancy should be determined under the Life Expectancy and Annuity Table rather than the American Experience Table of Mortality. The trial court found in favor of Mrs. Baker. This appeal now follows. We affirm.

At the time Roy Baker last worked, he was 74 years of age. Under the American Experience Table of Mortality, apparently used by the Workers' Compensation Board for many years and urged upon us by the

appellants, his life expectancy was 6.68 years. The Special Fund does point out that the Board is currently in the process of selecting a new mortality table for use in such cases. It is not disputed that the Board has such authority under KRS 342.-120(6)(b), which states:

> For all other benefits awarded under this Chapter, the portions shall be based on the number of weeks shown in actuarial tables adopted by regulations promulgated by the Board.

However, the Legislature has specifically directed the use of the American Experience Table of Mortality in Workers' Compensation cases only in KRS 342.320. Thus, there is no directive for such table use except for the general authority given under KRS 342.120(6)(b). The appellee, Mrs. Baker, urges the use of the Life Expectancy and Annuity Table, adopted by the Court in *Morris v. Morris*, Ky., 293 S.W.2d 243 (1956), and set forth in the Kentucky Revised Statutes' table section. Such table gives a life expectancy of 9.21 years to an individual 74 years of age. Although *Morris* dealt with estate value, we feel its principles apply to the situation here.

In *Morris* it was stated:

> We know as a practical matter that no person lives or dies according to the pattern of a statistical table but in order to find a rule which, over a period of years and in a great number of cases, will more closely conform to the standards of justice, the adoption of a mortality table has been believed to be the best method of reaching general justice for all even though, occasionally and individually, an injustice is done. But if the initial acceptance of this table was had because of the desire to obtain the best evidence of the common experience of mankind, then it is equally incumbent upon the courts to seek and obtain those mortality tables that best reflect that experience.

This rationale is aptly stated in 29 Am. Jur.2d *Evidence* § 895 (1967):

> Expectancy of life, when in issue, should be shown, as any other fact, by the best evidence obtainable, and improved tables which come into use and are of standard authority may be given in evidence, and should be used, in lieu of the older tables which they supersede. The courts, in order to get the best evidence obtainable, are inclined to favor the latest standard tables, because the facts upon which they are calculated are much more complete.

The table adopted by the court below, and used for many years in the Commonwealth, was prepared with data from 1959–1961, and as such is quite out of date. Yet, it still more accurately reflects life expectancy than the American Experience Table when comparing a 9.21-year expectancy to a 6.68 expectancy. Further, the average lifetime of a 74-year-old individual, according to the National Center for Health Statistics, U.S. Department of Health and Human Services, was 13.3 years in 1980. Although this is just one source, it shows how unjust the further use of the American Experience Table would become. Appellants point out this table has been used for over twenty-five years. We do not believe custom takes priority over reliability.

Until such time as a life expectancy table is adopted which most accurately reflects the modern life expectancy trends, the most recent judicially recognized table must serve. *Morris, supra.*

For the foregoing reasons, the judgment of the Pike Circuit Court is affirmed.

All concur.