Thelma L. STOVALL, Commissioner of Labor (Special Fund), Appellant,

v.

Dan F. PFEFFER, Maysville Utility Commission, and Workers' Compensation Board of Kentucky, Appellees.

Court of Appeals of Kentucky.

June 15, 1984.

Case Ordered Published by Court of Appeals Aug. 3, 1984.

Discretionary Review Denied Feb. 21, 1985.

Douglas A. U'Sellis, Asst. Counsel, Dept. of Labor, Louisville, for appellant.

Woodson T. Wood, Fox, Wood & Wood, Maysville, James S. Carroll, Harrodsburg, for appellee Pfeffer.

Before HOWERTON, REYNOLDS and WILHOIT, JJ.

HOWERTON, Judge.

The Special Fund appeals from a judgment of the Mason Circuit Court affirming an opinion and award of the Workers' Compensation Board. The fund argues that the court and board improperly construed the provisions of KRS 342.730 in determining the proper duration of benefits to be paid to Pfeffer.

While employed by the utility commission, Pfeffer was injured in a work-related accident on April 28, 1981. He was found to be temporarily, totally disabled from April 30, 1981, to September 27, 1981. He was also found to have a 25 percent permanent, occupational disability which was apportioned equally between the employer and the Special Fund. The partial disability payments were ordered to be paid for 425 weeks.

Pfeffer was 60 years old at the time of his injury and will reach age 65, the normal retirement age for federal benefits, on September 13, 1985.

From July 15, 1980, until July 15, 1982, KRS 342.730(1)(b) provided that benefits for permanent, partial disability would be paid:

... for a maximum period, from the date the disability arises, of four hundred twenty-five (425) weeks, but such benefits shall not be paid after the employe becomes eligible for normal old age bene-

fits under the federal old age, survivors and disability insurance act.

Effective July 15, 1982, the statute was amended to reflect that benefits for permanent, partial disability would be paid: "... for a maximum period, from the date the disability arises, of four hundred twenty-five (425) weeks."

The Mason Circuit Court concluded that the statutory limitation, which was in effect at the time of Pfeffer's injury:

> ... constituted a future, contingent, termination, and did not result in a present vesting or determination of rights. Had the contingency occurred while the prior provisions of law were in effect, benefits would presumably have terminated at that time, but since the contingency did not occur while the provision for determination existed, the termination is no longer effective.

The court affirmed the award of the board allowing payments for a total of 425 weeks, which would extend beyond Pfeffer's 65th birthday.

■ The substantive rights of a claimant for workers' compensation benefits are fixed by the law in effect on the date of the injury. *Maggard v. International Harvester Co.*, Ky., 508 S.W.2d 777 (1974). *See also Beth Elkhorn Corp. v. Thomas*, Ky., 404 S.W.2d 16 (1966). The trial court determined that the normal retirement age for old age benefits was contingent. Pfeffer pursues this contingency theory and argues that Congress could change the normal retirement age from 65 to 66 or any other age. He then asks, "Is it to be determined according to the retirement age in existence at the time of the disability, or the retirement age in existence at the time the claimant attained such age?"

■ We find no problem or contingency. Congress has clearly provided for retirement, and the General Assembly of Kentucky made it the law of this Commonwealth for the period between July 15, 1980, and July 15, 1982, that a claimant could not recover from both sources. The language of "normal old age benefits" may have been an imprecise term, but the obvious intent of the legislature was to provide for a cessation of partial disability benefits at such time as one became eligible for old age benefits, at whatever age Congress might allow.

Pfeffer also argues that the action of the legislature in 1980 was ill-advised, short-lived, and with little or no precedent. It had a minimum life, but we cannot say it was ill-advised or that it provides no precedent. We find the statute, together with *Maggard*, to be the precedents we must follow in this case.

■ On April 28, 1981, Pfeffer's rights to specific compensation were fixed by KRS 342.730, in effect at that time. The statute contained the limitation, and his benefits must terminate at such time as he becomes eligible for "normal old age benefits under the Federal Old Age, Survivors and Disability Insurance Act." Any action by the United States Congress to increase the retirement age will not act as an amendment to KRS 342.730. It will simply serve to lengthen the time by which Pfeffer's benefits are calculated and may be received. Such a variable measuring device is not only proper, but is more definite than the average weekly wage of the State, which is used to determine the maximum allowable benefits under the statute. The average weekly wage changes regularly and frequently, while normal retirement age almost never changes.

The judgment of the Mason Circuit Court is reversed, and this action is remanded for correction of the judgment and for an award consistent with this opinion.

All concur.