Carol M. PALMORE, Acting Secretary of Labor (Special Fund), Appellant,

v.

E & R CHUMLEY TRUCKING COMPANY, INC.; Curtis Chumley; and Workers' Compensation Board, Appellees.

No. 88–CA–567–S.

Court of Appeals of Kentucky.

Oct. 28, 1988.

Case Ordered Published by Court of Appeals Nov. 2, 1988.

Thomas A. Dockter, Louisville, for appellant.

Bennett Clark, Lexington, Gerald L. Greene, Pineville, for appellees.

Before HOWARD, MILLER and REYNOLDS, JJ.

REYNOLDS, Judge.

This appeal arises from a judgment entered by the Bell Circuit Court concerning a workers' compensation claim filed with the Board by Curtis Chumley, an appellee herein, alleging that he had become affected with the disease of coal workers' pneumoconiosis by May 23, 1983, his last day of exposure. On August 11, 1986, the Board entered an award for total, permanent disability benefits, running from May 23, 1983, to as long, thereafter, as Chumley should remain disabled. The liability for this award was apportioned 75% to the appellant, Special Fund, and 25% to the appellee-employer, E & R Chumley Trucking Company, Inc., with E & R Trucking being required to pay its share of this liability first and the Special Fund, thereafter, paying benefits for the remainder of the compensable period.

Pursuant to the Board's order, appellee, E & R Chumley Trucking, relying upon the American Expectancy Table of Mortality, paid benefits from May 23, 1983, through November 9, 1986. Thereafter, the Special Fund refused to initiate payments, contending that the Life Expectancy Annuity Table was the proper table to be used, as determined by this Court in *Stovall v. Great Flame Coal Company*, Ky.App., 684 S.W. 2d 3 (1984). Appellee, Curtis Chumley, then filed a motion for clarification and continuation of award on May 12, 1987, seeking a ruling from the Board on the matter.

On June 1, 1987, the Board, citing the *Great Flame, supra*, case ordered that the period of disability payments and the proportionate payments to be made by the employer and the Special Fund should be computed under the provisions of the annuity table set forth in *Morris v. Morris*, Ky., 293 S.W.2d 243 (1956). After the employer's petition for reconsideration was overruled by the Board, it appealed to the Bell Circuit Court.

Bell Circuit Court reversed the decision of the Workers' Compensation Board and held that the law in existence on the date of the last exposure of the claimant determines the responsibility of the parties. It

declared that since Chumley's last date of employment was May 23, 1983, and on that date the Workers' Compensation Board was calculating payment periods based on the American Experience Table of Mortality, then that table should govern in calculating benefits in the present case. The Special Fund appeals.

The sole issue to be resolved is whether the ruling by the circuit court holding the American Experience Table of Mortality be used in calculating workers' compensation benefits is correct in light of this Court's decision announced in *Stovall v. Great Flame Coal Company, supra*. Appellant asserts that the *Great Flame* decision is controlling herein. We agree.

Generally the substantive rights of a claimant for workers' compensation benefits are fixed by the law in effect on the date of the injury or on the date of the last exposure to disease. *Maggard v. International Harvester Co.*, Ky., 508 S.W.2d 777 (1974); and *Stovall v. Pfeffer*, Ky.App., 684 S.W.2d 1 (1984).

However, this Court did not apply the general rule when it decided the *Great Flame* case. The Legislature specifically directed the use of the American Experience Table of Mortality in workers' compensation cases only in KRS 342.320 and there was no directive for its use except for the general authority given under KRS 342.120(6)(b). Also, we stated that in deciding between the usage of the Life Expectancy Annuity Table and the American Experience Table that: "Until such time as a life expectancy table is adopted which most accurately reflects the modern life expectancy trends, the most recent judicially recognized table must serve." *Morris v. Morris*, Ky., 293 S.W.2d 243 (1956). Therefore, we held that the Life Expectancy Annuity Table was applicable to determine life expectancy since it was the most recent judicially recognized table. Furthermore, we have decided that the Life Expectancy Table was proper because it more accurately and reliably reflected life expectancy than the American Experience Table.

For the reasons aforesaid, and the holding in *Stovall v. Great Flame Coal Company*, we determine the ruling of Bell Circuit Court applying the American Experience Table of Mortality to calculate workers' compensation benefits to be in error. The period of disability payments and the proportionate payments to be made by the employer, E & R Chumley Trucking Co., and the Special Fund shall be computed according to the Life Expectancy Annuity Table, the most recent judicially recognized table during the applicable time period herein. *Morris, supra*. However, we would note that at the extraordinary session of the General Assembly held in October, 1987, that Chapter 1, Section 9 amended KRS 342.120 and that reference is made to the adoption of more recent life expectancy tables.

The judgment of Bell Circuit Court is reversed and the trial court is directed to enter an order affirming the opinion and order of the Workers' Compensation Board.

Further, pursuant to CR 76.15(3)(A), the application of CR 76.20 and CR 76.32, as well as other appropriate rules of civil procedure for further appellate steps, is reinstated effective the date of this opinion.

All concur.