Carol M. PALMORE, Secretary of Labor Cabinet (Special Fund), Appellant,

v.

Simon SWINEY; Rita Coal Company; Coal Miners' Pneumoconiosis Fund; Kelsey E. Friend and/or Kelsey E. Friend Law Firm, Appellees.

No. 89–CA–1662–S.

Court of Appeals of Kentucky.

Oct. 12, 1990.

Rehearing Denied Dec. 21, 1990.

Discretionary Review Denied by Supreme Court May 30, 1991.

Denis S. Kline, Louisville, for appellant.

Kelsey E. Friend, Stephen W. Owens, Pikeville, for appellees, Simon Swiney and Kelsey E. Friend Law Firm.

William J. Baird, III, Pikeville, for appellees, Rita Coal Co. and Coal Miners Pneumoconiosis Fund.

Before HOWARD, LESTER and WILHOIT, JJ.

HOWARD, Judge.

The appellee, Simon Swiney, became disabled in October, 1976, due to the onset of silicosis/pneumoconiosis which had developed during the course of his employment as a coal miner. Swiney was 63 years of age at the time and had worked as a coal miner for approximately 45 years.

On October 9, 1978, the Kentucky Workers' Compensation Board found that Swiney was 100% occupationally disabled as a result of this condition, and awarded him benefits of $96.00 per week. The award was broken down into amounts to be paid by three different parties. Rita Coal Company was to pay $19.20 per week from October 15, 1976, for as long as Swiney is disabled, the Special Fund was to pay $38.40 per week from October 15, 1976, for as long as Swiney is disabled, and the Coal Miners' Pneumoconiosis Fund was to pay $38.40 per week for this same time period. The 1978 order did not address which actuarial table should be used in making these calculations nor were attorney fees mentioned.

The Workers' Compensation Board, on August 27, 1979, approved a motion by the Kelsey E. Friend Law Firm for recovery of attorney fees for the services rendered Swiney in this action. The Board approved attorney fees in the amount of $6,500.00 and directed the fee to be paid in a lump sum. The lump sum was to be recouped from the payments received by Swiney by commuting to a lump sum the final payments of this compensation.

A dispute arose concerning the proper actuarial table to be used to determine when the weekly payments to Swiney would cease in order to recoup the lump sum attorney fee. Appellant believed that the calculation of payment should be made using the American Experience of Mortality Table formerly contained in KRS 342.-320. In keeping with this table, Swiney's payments were stopped on March 27, 1987.

Swiney's counsel contacted appellant's payment unit and requested that the payments not be stopped. Swiney claimed that the calculation of payments should be made by using the Life Expectancy and Annuity Table that this Court approved in *Stovall v. Great Flame Coal Company, Inc.*, Ky. App., 684 S.W.2d 3 (1984). The tables produced different results as the American Experience Table held Swiney's life expectancy was 12.26 years at the time the award was granted, while the Life Tables placed his life expectancy at 15.68 years.

The appellant filed a motion with the Workers' Compensation Board asking that the Board determine which table should be used and that it decide whether the *Great Flame* decision should be applied retroactively. The Board entered a clarification order on May 18, 1987, and held that since *Great Flame* was decided after the time of Swiney's injury, it did not apply in this case. The Board held that the American Experience Table of Mortality was properly used in this case, and the appellant correctly halted the payments. Swiney filed a petition for reconsideration with the Board, but the Board denied this petition on June 15, 1987. Swiney did not directly appeal this case.

Swiney filed a motion with the Pike Circuit Court pursuant to KRS 342.305 to enforce the original 1978 order of the Workers' Compensation Board. The Pike Circuit Court ruled that the Life Expectancy and Annuity Table should have been used based on the *Great Flame* decision. The court entered a judgment in favor of Swiney and ordered benefits to be continued to be paid to Swiney. It awarded costs and attorneys' fees against the appellant because it felt that appellant unreasonably refused to pay benefits under these facts. Appellant has appealed from these findings.

The appellant first argues that the Pike Circuit Court did not have the authority to render its decision, because this action was brought before the circuit court pursuant to KRS 342.305. Appellant asserts that under the provisions of KRS 342.305, the trial court could only enforce the award exactly as written by the Workers' Compensation Board; it could not clarify or correct the Board's decision. We disagree.

KRS 342.305 provides in part:

Any party in interest may file in the circuit court of the county in which the injury occurred a certified copy of a memorandum of agreement approved by the administrative law judge or of an order or decision of the administrative law judge or board, or of an award of the administrative law judge on appeal from, or an award of the board rendered upon an appeal whether or not there is a motion to reopen or review pending under KRS 342.125. The court shall render judgment in accordance therewith and notify the parties. Such judgment shall have the same effect, and all proceedings in relation thereto shall thereafter be the same as though it had been rendered in a suit duly heard and determined by that court.

In this case, the Pike Circuit Court, pursuant to KRS 342.305, was called upon to enforce the 1978 order awarding Swiney compensation. No provision was made in that order concerning the length of time the payments were to be made. It was up to the Pike Circuit Court to consider the entire case in determining how to enforce the order. The 1978 order was the primary order to be enforced, not later clarification statements made by the Board to explain absences in the 1978 order.

Two cases decided by this Court support the contention that the Pike Circuit Court did have the authority to decide this case the way it did. In *W.T. Sistrunk & Company v. Kells*, Ky.App., 706 S.W.2d 417 (1986), the appellants likewise claimed that a circuit court did not have the authority to interpret the language of an award when the action was brought pursuant to KRS 342.305. They claimed that the court was required to enforce the award exactly as written. In rejecting the argument, this Court wrote, "... the legal significance of language in an administrative order is always subject to interpretation by a reviewing court, which must enforce such orders according to existing law." *W.T. Sistrunk & Co., supra*, at 418. Additionally, any legal errors in an administrative order may always be corrected by a reviewing court. A reviewing court has the power to inter-

pret the order's language according to prevailing law, and to correct any legal errors. *W.T. Sistrunk & Co., supra*, at 419.

The facts in the case currently before this Court are almost identical to those of *Great Flame, supra*. In *Great Flame*, the claimant's benefits had been cut off, and an enforcement action was brought in Pike Circuit Court. The controversy in that case also surrounded the proper annuity table to be used in determining when an attorney's fee should be recouped. The circuit court in that case held that the Life Annuity Table should have been used. This Court affirmed the lower court's action and found no fault with its interpretation of the Board's order pursuant to KRS 342.305. The Pike Circuit Court in the instant case had the authority to rule in the manner that it did.

The appellant also argues that the Pike Circuit Court erred in deciding that the Life Expectancy and Annuity Table should be applied in this case. Appellant instead argues that the American Experience Table of Mortality should have been used. We find that the Pike Circuit Court correctly found that the Life Table should have been used.

This issue was clearly decided in *Great Flame, supra*, and *Palmore v. E & R Chumley Trucking Company, Inc.*, Ky. App., 761 S.W.2d 181 (1988). This Court in *Great Flame* was asked to consider the appropriate table to be used in enforcing a 1978 Workers' Compensation Board award. This Court found that even though the American Experience Table had been referenced in the statutes for quite some time, it had become very outdated in comparison to the Life Table. This Court found that the Life Table was the most recent, reliable, judicially recognized table and should be used instead of the older, outdated tables. "We do not believe custom takes priority over reliability." *Great Flame, supra*, at 4.

This Court reaffirmed this holding in *E. & R. Chumley, supra*. We held that although generally the substantive rights of a claimant are fixed by the law in effect on the date of the injury, this Court cor-

rectly held in *Great Flame* that the above rule should not be applied in this fact situation due to the need to accurately determine the benefits to which a claimant is entitled. Both of these cases specifically considered the reference to the American Experience Table of Mortality in KRS 342.-320, but decided it was not controlling.

Additionally, the former Court of Appeals in a divorce case was asked to consider a proper annuity table to apply in *Morris v. Morris*, Ky., 293 S.W.2d 243 (1956). "... If the initial acceptance of this table was had because of the desire to obtain the best evidence of the common experience of mankind, then it is equally incumbent upon the courts to seek and obtain those mortality tables that best reflect that experience." *Morris, supra,* at 244. The Court discarded older tables and ruled that the Life Tables should be adopted by the courts. The Pike Circuit Court in the instant case correctly applied the most accurate and most recently judicially recognized mortality table.

Finally, the Pike Circuit Court, pursuant to KRS 342.310, found that appellant's refusal to pay Swiney the benefits was unreasonable, and it required the appellant to pay the costs of the proceeding including the attorney fees. The court acted correctly in taking this action.

KRS 342.310 provides:

If any administrative law judge, the board or any court before whom any proceedings are brought under this chapter determines that such proceedings have been brought, prosecuted or defended without reasonable ground, he or it may assess the whole cost of the proceedings which shall include actual expenses but not be limited to the following: court costs, travel expenses, deposition costs, physician expenses for attendance fees at depositions, attorney fees, and all other out-of-pocket expenses upon the party who has so brought, prosecuted or defended them.

This Court has held that if the law is clear and the party's actions are so lacking in merit as to be groundless, the awarding of such costs is appropriate. *W.T. Sistrunk & Company, supra,* at 420.

In the instant case, the law from *Great Flame, Morris,* and *E. & R. Chumley* was clear. The Life Table had been judicially adopted by Kentucky courts. The circuit court ruled correctly under KRS 342.310 in awarding fees and costs.

The judgment of the Pike Circuit Court is affirmed.

All concur.