Cite as 2019 Ark. App. 525

# ARKANSAS COURT OF APPEALS

DIVISION III
**No.** CV-18-760

|  |  |  |
|---|---|---|
| JOE ROACH | | **Opinion Delivered:** November 6, 2019 |
| | APPELLANT | APPEAL FROM THE CRAIGHEAD COUNTY CIRCUIT COURT, WESTERN DISTRICT |
| V. | | [NO. 16JCV-17-629] |
| THOMAS WHITEHEAD | | |
| | APPELLEE | HONORABLE MELISSA BRISTOW RICHARDSON, JUDGE |
| | | AFFIRMED |

## MIKE MURPHY, Judge

Appellant Joe Roach appeals the June 22, 2018 judgment of the Craighead County Circuit Court finding that appellee, Thomas Whitehead, was in breach of a real-estate option contract between the parties, but despite the same, Roach was not entitled to $40,000 for the loss of his benefit of the bargain. We affirm.

On February 3, 2017, Roach and Whitehead entered into a contract wherein Roach received an option to purchase certain real estate from Whitehead for three months at the price of $90,000. Roach attempted to exercise the option during that period, but Whitehead refused to sell. Roach then filed the complaint in this action against Whitehead in August 2017, alleging that Whitehead had breached the contract by not allowing Roach to exercise the option and purchase the property. Roach prayed for damages associated with his reliance on the contract as well as expectation damages because he had found potential buyers for the property. Those potential buyers had signed a contract with Roach to purchase the

property for $130,000, but that arrangement fell through because Roach was not the title owner of the property, and the potential buyers' loan officer would not approve financing. At trial, Roach withdrew his request for specific performance and instead asked solely for an award of money damages. In addition to his fees and costs associated with litigation and obtaining buyers, Roach asked for $40,000 to compensate him for the loss of the benefit of the bargain.

At the bench trial, the court heard testimony from Roach, Whitehead, Whitehead's wife, and a process server. In addition to the facts already set out in this opinion, the court heard from Whitehead that he never received notice from Roach that Roach intended to exercise the option. Both Roach and the process server testified that Roach had tried contacting Whitehead several times and even had the process server serve notice on Whitehead. The process server testified that he did, in fact, serve the notice on Whitehead. Whitehead and his wife testified that on the date the process server averred that he served Whitehead, Whitehead was in Bentonville with his wife.

In its detailed written order on the matter, the circuit court found that Whitehead was not credible, Roach had attempted to exercise the option, and Whitehead was in breach of the contract. It awarded Roach his costs in attempting to obtain buyers for the property and those costs associated with the litigation, but it denied Roach's request for $40,000 to compensate him for the loss of his benefit of the bargain. The court reasoned:

> [Roach] testified that he brought potential buyers to the property and ultimately entered into an offer and acceptance with this couple for them to purchase the property from him for $130,000 (Plaintiff[']s Exhibit 4). [Roach] testified that the arrangement with these buyers fell through, however, because the loan officer would not complete the loan because [Roach] was not the title owner to the property that he had offered to sell. These potential buyers did not testify, nor did the loan officer. No appraisal was offered into evidence to establish the value of the property at this

2

time. Therefore, there is no evidence of record as to the value of the property at the time of [Whitehead]'s breach.

The court, citing *Williams v. Cotton*, 14 Ark. App. 80, 684 S.W.2d 837 (1985), further reasoned that

> [t]o award [Roach] $40,000—when he admits the loan officer for his potential buyers "interfered" with offer and acceptance—would be to award [him] damages not naturally flowing from the wrong complained of in this breach. . . . Instead, the appropriate measure of damages would be the difference between the contract price ($90,000) and the value of the property when the breach occurred, The record does not contain any credible evidence, however, of what the value of the land might have been at the time of the breach. The Court acknowledges that [Whitehead] offered an opinion as to the value of his property; but the Court did not find [Whitehead] credible in his testimony (as set forth above) and his assertion as to value did not specify a value at the time of the breach and was not persuasive. No appraiser or real estate agent offered any testimony or evidence as to what the value of the property was at the time of the breach.

Roach timely appeals, and on appeal he argues that the circuit court erred when it did not award him an amount to compensate him for his alleged loss of the benefit of the bargain of the contract.

This was a bench trial, so the standard of review on appeal is whether the circuit court's findings were clearly erroneous or clearly against the preponderance of the evidence. *Hartness v. Nuckles*, 2015 Ark. 444, at 10, 475 S.W.3d 558, 565. A finding is clearly erroneous when, although there is evidence to support it, the reviewing court, on the entire evidence, is left with a firm conviction that a mistake has been made. *Lone's RT 92, Inc. v. DJ Mart, LLC*, 2019 Ark. App. 318, at 8, 577 S.W.3d 769, 774.

In an action by a purchaser of land for breach of the contract to convey, the measure of damages is the difference between the contract price and the value of the land when the breach occurred, with interest on the difference. *Williams*, 14 Ark. App. at 83, 684 S.W.2d

3

at 840. A purchaser is entitled to the thing bargained for, whether it be land or chattels, at the price agreed upon, and to resell it himself at its market price. *Id.*

On appeal, Roach argues that the court erred when it considered the damages prayed for by Roach as too speculative. He contends that evidence outside of Whitehead's testimony, such as his own testimony and the purchase agreements he had with the potential buyers, are sufficient to establish the market price of the real estate at the time of the breach at between $125,000 and $130,000. Citing *Green v. Ferguson*, 263 Ark. 601, 606, 567 S.W.2d 89, 92 (1978), Roach argues that subsequent sales can form an appropriate basis for ascertaining the value of the property at the time of the breach. Here, however, there was no subsequent sale that can be used to determine the amount of damages. And while there was a contract to purchase the property, the court explicitly found that there was no "credible evidence . . . of what the value of the land might have been at the time of the breach." It is within the sole province of the fact-finder to weigh credibility and resolve disputed facts. *Simmons v. Dixon*, 96 Ark. App. 260, 267, 240 S.W.3d 608, 613 (2006). Accordingly, to reverse here would require this court to act as a super fact-finder or to second-guess the circuit court's credibility determination, which is not our function. The circuit court's findings were not clearly erroneous or clearly against the preponderance of the evidence.

Affirmed.

GLADWIN and BROWN, JJ., agree.

*The Troutt Law Firm*, by: *R. Scott Troutt*, for appellant.

*Skarda & Lonidier PLLC*, by: *Kirk B. Lonidier*, for appellee.

4