RENDERED: DECEMBER 8, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0342-MR

INTECH CONTRACTING, LLC AND
ZURICH AMERICAN INSURANCE
COMPANY                                                              APPELLANTS


APPEAL FROM MUHLENBERG CIRCUIT COURT
v.          HONORABLE BRIAN WIGGINS, JUDGE
ACTION NO. 15-CI-00280


MICHELE L. HAMPTON, AS
ADMINISTRATRIX OF THE ESTATE
OF GEOFFREY HAMPTON                                                   APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE: CETRULO, COMBS, AND EASTON, JUDGES.

COMBS, JUDGE: Appellants, Intech Contracting, LLC, and its workers'

compensation carrier, Zurich American Insurance Company (collectively

Intech/Zurich), appeal from a judgment of the Muhlenberg Circuit Court ordering

them to pay $6,579.50 for an underpayment of permanent total disability benefits

-- with interest, attorney fees, and costs -- in an enforcement action filed pursuant to KRS[1] 342.305.[2]  The statute provides as follows:

> Any party in interest may file in the Circuit Court of the county in which the injury occurred a certified copy . . . of an award of the administrative law judge unappealed from . . . .  The court shall render judgment in accordance therewith and notify the parties.  Such judgment shall have the same effect, and all proceedings in relation thereto shall thereafter be the same as though it had been rendered in a suit duly heard and determined by that court. . . .

This case has a long history.  By way of background, on September 9, 2009, Hampton, a diabetic, was working on a bridge resurfacing project.  He was severely injured in a fall that occurred while he was having a hypoglycemic attack.  Hampton filed a workers' compensation claim.  An Administrative Law Judge (ALJ) dismissed the claim, finding that Hampton's hypoglycemia was likely the cause of the incident.  The Workers' Compensation Board (Board) and this Court affirmed.  Hampton appealed to our Supreme Court, which reversed.  The Court concluded that the positional risk doctrine applied and reasoned that "[t]here is little doubt that Hampton's employment placed him in a position increasing the dangerous effects of the idiopathic fall."  *Hampton v. Intech Contracting, LLC*,

---

[1] Kentucky Revised Statutes.

[2] KRS 342.305 gives the circuit court sole jurisdiction to enforce a final workers' compensation award.  *Southeast Coal Co. v. Mansfield*, 231 S.W.3d 122, 124 (Ky. 2007).

2011-SC-000741-WC, 2013 WL 1188040, at *4 (Ky. Mar. 21, 2013) (cleaned up).

The Court found that Hampton was eligible for workers' compensation benefits

and remanded the matter to the ALJ for further proceedings consistent with that

holding.

On remand, the claim was reassigned to ALJ Coleman. By Opinion,

Award and Order dated October 6, 2014, ALJ Coleman awarded permanent total

disability (PTD) benefits beginning September 9, 2009, at $523.79 per week "with

interest at the rate of 12% per annum on all due and unpaid installments of such

compensation . . . ." It continued: "[t]he employer shall pay all reasonable and

necessary medical expenses for the cure and relief of his work related injuries . . .

pursuant to KRS 342.020."[3]

Relevant facts and procedural events leading up to the matter now

before us are summarized *Hampton v. Intech Contracting, LLC*, 581 S.W.3d 27, 31

(Ky. 2019),[4] as follows:

> According to Hampton, notwithstanding his
> entitlement to the awarded benefits, Intech/Zurich has
> consistently failed to timely approve medical treatment,
> reimburse his out-of-pocket expenses, or pay him the
> correct amount of past due principal and interest for his
> income benefits. The validity of Hampton's claim is

---

[3] Those injuries included below the knee amputation, a C2 fracture with spinal cord injury, C6 level ASIA-C tetraplegia, multiple spinal fractures, lower extremity deep vein thrombosis, traumatic brain injury, vocal cord injury, fractured teeth, and underlying anxiety.

[4] *Hampton*, 581 S.W.3d 27, involved a prior appeal from an Order of the Muhlenberg Circuit Court in an enforcement action that was ultimately dismissed as interlocutory.

supported by the fact the Department of Workers' Claims opened an Unfair Claims Settlement investigation that resulted in Zurich agreeing to pay a civil penalty of $18,500.

On August 5, 2015, Hampton filed [the subject] workers' compensation enforcement action in the Muhlenberg Circuit Court against Intech/Zurich, alleging that Intech/Zurich had failed to timely pay certain medical benefits to which he was entitled. As authority for his filing, Hampton cited KRS 342.305 . . . .

...

Thereafter, through a succession of motions for partial summary judgment, Hampton made a variety of piecemeal enforcement requests. By order dated March 6, 2017, the circuit court granted Hampton's third, fourth, and fifth motions for partial summary judgment and ordered as follows: an award directing payment for the cost of a power wheelchair (third motion); an award of past-due income benefits in the amount of $6,579.59 for the underpayment of past permanent total disability benefits plus interest (fourth motion); and an award of $1,884.68 for the reimbursement of expenses for a medically-related trip to Oklahoma (fifth motion). . . . [5]

Intech/Zurich [appealed the March 6, 2017 Order to the] Court of Appeals[.] Hampton filed a motion to dismiss, arguing that the circuit court's order was interlocutory and did not contain CR[6] 54.02 finality language. The Court of Appeals agreed that the underpayment of benefits aspect of the appeal was interlocutory as Hampton's complaint in the circuit court had claimed

---

[5] The circuit court's award of the underpayment of past due income benefits plus interest (the subject of Hampton's fourth partial motion for summary judgment) is one of the issues in the appeal now before us.

[6] Kentucky Rules of Civil Procedure.

-4-

attorney fees and that claim remained pending. Therefore, the Court of Appeals dismissed that aspect of the appeal pursuant to CR 54.02 because the order appealed from did not resolve all the issues between all the parties and did not contain the necessary finality language.

*Id.* at 29-30. However, the Court of Appeals reversed the portion of the circuit court's Order granting Hampton's third and fifth summary judgment motions. Ultimately, our Supreme Court concluded that "the entire appeal should have been dismissed as being an appeal from a nonfinal order." *Id.* at 31.

Hampton died on August 27, 2020. By Order entered on February 2, 2021, Michele Hampton, the Administratrix of her brother's estate, was substituted as the plaintiff in the enforcement action.[7]

On January 17, 2023, Hampton filed a combined motion for a final and appealable judgment and a motion for attorney fees and costs with a supporting memorandum and affidavits. Hampton argued that the estate is still owed the $6,579.59 pursuant to the circuit court's March 6, 2017, Order for the underpayment of PTD benefits previously paid -- together with 12% interest compounded annually from October 6, 2014, to the date when paid in full. Hampton explained that a plaintiff may seek costs -- including attorney fees

---

[7] We continue to refer to the Plaintiff/Appellee as Hampton to avoid confusion.

pursuant to KRS 342.310[8] in bringing an enforcement action under KRS 342.305,

citing *Palmore v. Swiney*, 807 S.W.2d 950 (Ky. App. 1990). Citing *Meyers v.*

*Chapman*, 840 S.W.2d 814 (Ky. 1992), Hampton noted that courts use the lodestar

method to determine an attorney fee award in which the number of attorney hours

is multiplied by the hourly rate. Hampton submitted that the lodestar amount for

attorney fees to date was $77,970.00 (259.9 hours x hourly rate of $300.00), plus

$8,126.48 for expenses advanced.

> On February 24, 2023, the circuit court entered Judgment as follows:
>
> 1. The plaintiff's motion for a final and appealable judgment is **SUSTAINED**. IT IS HEREBY ORDERED that Defendants shall pay Plaintiff $6,579.59 for the underpayment of permanent total disability benefits previously paid together with an interest rate of twelve percent (12%) interest compounded annually from October 6, 2014 to the date paid in full.
>
> 2. Plaintiff's motion for attorney fees and expenses is **SUSTAINED**. Judgment shall be entered in favor of Plaintiff's [*sic*] in the sum of $79,970.00 for attorney fees, plus expenses in the amount of $8,126.48,

---

[8] KRS 342.310 provides in relevant part that:

> (1) If any administrative law judge, the board, or any court before whom any proceedings are brought under this chapter determines that such proceedings have been brought, prosecuted, or defended without reasonable ground, he or it may assess the whole cost of the proceedings which shall include actual expenses but not be limited to the following: court costs, travel expenses, deposition costs, physician expenses for attendance fees at depositions, attorney fees, and all other out-of-pocket expenses upon the party who has so brought, prosecuted, or defended them.

against all Defendants together with an interest rate of six percent (6%) interest compounded annually from the date of this judgment to the date paid in full.

There being no just cause for delay, this judgment is final and appealable.

(Emphasis original.)

On March 23, 2023, Intech/Zurich filed a notice of appeal to this court. For its first argument, Intech/Zurich stated as follows:

Enforcement cannot be given pursuant to KRS 342.305 for compound interest for which there is no order by an Administrative Law Judge; and when that interest payment was timely made in accordance with the simple interest formula historically adopted and in current application, as proven by qualified testimony of the Commissioner of the Department of Workers' Claims.

Intech/Zurich cites no controlling authority to support its argument. Rather, Intech/Zurich relies upon a September 7, 2007, Opinion of the Workers' Compensation Board in *Abbott Laboratories v. Smith*, Claim No. 04-78095, in which the Board dismissed the appeal because it determined, *sua sponte*, that it lacked subject matter jurisdiction to rule on the matter.[9]

---

[9] Although we need not discuss *Smith* further, a statement at page 11 of Appellants' brief warrants clarification. Intech/Zurich appears to suggest that the Board in *Smith* quoted *Parts Depot., Inc. v. Beiswenger*, 170 S.W.3d 354 (Ky. 2005), as holding that "KRS 360.040 [which governs interest on judgments] has no application in Kentucky workers' compensation." *Parts Depot* **does not address KRS 360.040 whatsoever**. *Parts Depot* was a wage and hour case that the Board simply cited as authority for a rule of statutory construction.

Intech/Zurich's selective quotation from Commissioner Lovan's testimony at page 12 of Appellants' brief also warrants clarification. Intech/Zurich omits that Commissioner Lovan

-7-

"[I]f a court does not have subject matter jurisdiction, the court has no power to do anything at all." *Commonwealth Health Corp. v. Croslin*, 920 S.W.2d 46, 48 (Ky. 1996) (cleaned up); *see Shockley v. Okeke*, 92 Conn. App. 76, 85, 882 A.2d 1244, 1250 (2005) (cleaned up) ("A court lacks discretion to consider the merits of a case over which it is without jurisdiction. Lacking jurisdiction, the court should not deliver an advisory opinion on matters entirely beyond its power to adjudicate. Such an opinion . . . is not binding on anyone.").

There is no "*Smith* case precedent" on the issue of post-judgment compound interest as Intech/Zurich suggests at page 15 of Appellants' brief.[10] "It is not our function as an appellate court to research and construct a party's legal arguments . . . ." *Hadley v. Citizen Deposit Bank*, 186 S.W.3d 754, 759 (Ky. App. 2005). "Assertions of error devoid of any controlling authority do not merit relief." *Koester v. Koester*, 569 S.W.3d 412, 414 (Ky. App. 2019). Such is clearly the case here.

---

testified "I'm not talking about what happens in circuit court, I don't want to get into that . . . ." when asked about the computation of interest and his "read" of the Board's Opinion in *Smith*, *supra* (Lovan depo., p. 46).

[10] *Abbot Laboratories v. Smith,* 205 S.W.3d 249 (Ky. App. 2006), to which Intech/Zurich refers does not address interest. It only involved the compensability of the underlying workers' compensation claim -- "[t]he sole issue in this appeal is whether Smith was within the course of his employment when the car accident occurred following his stop for dinner." *Id*. at 253.

There has been a disturbing pattern of omission, distortion, and misrepresentation throughout the arguments propounded by Intech/Zurich.

Next, Intech/Zurich takes issue with the circuit court's award of attorney fees and costs. As noted above, KRS 342.310(1) permits "any court before whom any proceedings are brought under this chapter" to assess the whole cost of the proceedings, including attorney fees, "if it determines that such proceedings have been brought, prosecuted, or defended without reasonable ground[.]" Whether to assess such cost is a matter of discretion. *Steel Creations By and Through KESA, The Kentucky Workers' Compensation Fund v. Injured Workers Pharmacy*, 532 S.W.3d 145, 157 (Ky. 2017).

In an apparent attempt to persuade us that it did not defend the proceedings without reasonable ground, Intech/Zurich contends that it was proactive in attempting to settle the case, that it made offers of judgment, and that it was Hampton who acted without reasonable ground in pursuing the enforcement action. Zurich also contends that the fee awarded should have been proportionate to or in relation to the degree of success obtained.

CR 52.01 provides that "[i]n all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specifically and state separately its conclusions of law thereon and render an appropriate judgment[.]" CR 52.04 provides that:

> A final judgment shall not be reversed or remanded because of the failure of the trial court to make a finding of fact on an issue essential to the judgment **unless such failure is brought to the attention of the trial court** by

a written request for a finding on that issue or by a motion pursuant to Rule 52.02.

(Emphasis added.) The Judgment entered by the Muhlenberg Circuit Court contains no findings of fact with respect to the award of attorney fees and expenses. Intech/Zurich **made no request** for findings as mandated by CR 52.04 regarding the essential issue of whether it defended the proceedings without reasonable ground. Thus, the issue is waived before the appellate court. *Kentucky Lottery Corp. v. Stewart*, 41 S.W.3d 860 (Ky. App. 2001).

"When given discretion, trial courts are permitted to make decisions of their choosing within the realm of possible choices, and appellate courts are powerless to disturb such rulings that fall within that realm even if the appellate court would make a different choice." *Nebraska All. Realty Company v. Brewer*, 529 S.W.3d 307, 311 (Ky. App. 2017) (cleaned up). In the case before us, Hampton's counsel submitted detailed documentation to support his motion for attorney fees and expenses. Thus, we cannot say that the circuit court's award falls outside the realm of possible choices.

We affirm the Judgment of the Muhlenberg Circuit Court.


ALL CONCUR.

-10-

BRIEFS FOR APPELLANTS:

Walter A. Ward
Betsy R. Catron
Lexington, Kentucky

BRIEF FOR APPELLEE:

Charles W. Gorham
Lexington, Kentucky