## RAGAN *v.* HILL.

Opinion delivered March 19, 1904.

GIFT CAUSA MORTIS—DELIVERY.—Where an old man who did not expect to live long loaned a sum of money to a firm of merchants, who executed a receipt containing an agreement to turn the money over to a certain person in case of the lender's death, the transaction fails as a gift *causa mortis* because there was no delivery.

Appeal from Johnson Circuit Court in Chancery.

WILLIAM L. MOOSE, Judge.

Reversed.

*J. H. Basham* and *Gilleylen & Leftwich,* for appellant.

Declarations are competent to determine the character of the transaction. 14 Am. & Eng. Enc. Law (2d Ed.), 1051. The transaction was not a gift. 74 Miss. 549. There must be a complete delivery, and the gift fully executed. 59 Ark. 191; 14 Am. & Eng. Enc. Law, 1056. In gifts *inter vivos* the transfer must be immediate and absolute. 14 Am. & Eng. Enc. Law, 1014; 1 Ark. 83; 11 Ark. 249; 60 Ark. 169; 59 Ark. 93, 191. A promise to make a gift cannot be enforced. 57 Ark. 93; 44 Ark. 42; 107 U. S. 612. The money advanced was a loan. 44 Ark. 42; 59 Ark. 93, 195; 105 Cal. 143. As to the question of delivery, there is no distinction between gifts *inter vivos* and gifts *causa mortis*. 44 Ark. 42; 107 U. S. 612.

*J. E. Cravens,* for appellee.

Battle, J. J. O. Ragan, as administrator of W. M. Rees, deceased, sued John C. Hill, Sr., and John C. Hill, Jr., partners doing business under the firm name and style of John C. Hill & Son, for $1,000, money loaned to them by the deceased in his lifetime, and for interest thereon. Defendants admitted the indebtedness, and alleged that it was also claimed by B. C. Rees; offered to bring the money into court; asked that B. C. Rees be made a party, and that he and the administrator of W. M. Rees, deceased, be required to interplead for the same, which was done, the administrator claiming that the money was owing to his intestate and belonged to his estate, and B. C. Rees, on the other hand, claiming that it was given to him by W. M. Rees, the deceased, in his lifetime. The court rendered a decree for the same, less $191.85 advanced by John C. Hill & Son to pay expenses of the burial of the deceased, in favor of B. C. Rees, and the administrator appealed.

The facts in the case are substantially as follows: On the 14th day of July, 1899, W. M. Rees was an old man, being 78 years of age; was feeble; afflicted with some disease; did not expect to live long; had $1,000; offered to and did loan it to John C. Hill & Son; and they executed to him therefor the following instrument in writing: "Clarksville, Ark., July 14, 1899. Received from W. M. Rees one thousand dollars with interest at 4 per cent. It is agreed that in case of the death of W. M. Rees that B. C. Rees is to take charge of this money. [Signed] John C. Hill & Son." At the time he loaned the money he stated that it was "to go to B. C. Rees at his death." He was a good friend of B. C. Rees. He died on the 18th of August, 1899. John C. Hill & Son advanced $191.85 to pay his funeral expenses.

Was the $1,000 a gift to B. C. Rees?

In *Newton* v. *Snyder,* 44 Ark. 42, 45, it is said: "To establish a gift *mortis causa* the evidence must be sufficient to show, not only that the person *in extremis* designated with proper distinctness the thing to be given and the person who is to receive it, but it must establish also that the property was presently to pass, and that the intention was carried into effect by an actual or effective delivery. In this respect there is no difference between gifts *inter vivos* and *causa mortis*. *Basket* v. *Hassell,* 107 U. S. 602; *Coleman* v. *Parker,* 114 Mass. 30."

In *Ammon* v. *Martin,* 59 Ark. 194, it is said: "Delivery before death is just as essential to a gift *causa mortis* as it is to a gift *inter vivos,* and the same rules as to delivery are applicable to both."

In the case of *Nolen* v. *Harden,* 43 Ark. 307, the question was as to a gift *inter vivos,* and the court held that if the gift is intended to operate *in presenti,* and is accompanied by delivery, it operates at once; but if there is only an intention to give and no delivery is made, it will be inchoate and incomplete, however strong the expression of intention may be.

In Thornton, on Gifts and Advancements, it is said: "In all gifts a delivery of the thing given is essential to their validity; for although every other step be taken that is essential to the validity of a gift, if there is no delivery, the gift must fail. Intention cannot supply it; words cannot supply it; actions cannot supply it; it is an indispensable requisite, without which the gift fails, regardless of the consequences. * * * The reason for the rule * * * is obvious; it is based upon 'grounds of public policy and convenience, and to prevent mistake and imposition.' Such gifts open the door for fraud and perjury; and as these gifts are usually claimed upon parol evidence, it is difficult to meet and overthrow such claims when the alleged donor is dead, unless a delivery to the donee is made an absolute and requisite test in determining whether or not a gift was actually consummated—not intended but consummated." Thornton on Gifts and Advancements, pp. 105-108, and cases cited.

In every case a delivery is necessary to constitute a gift. In this case W. M. Rees loaned the money to John C. Hill & Son. He never parted with dominion over it in his lifetime. It was not delivered to B. C. Rees, or to anyone for him. In the language of witness John C. Hill, "it was to go" to B. C. Rees at the death of W. M. Rees. The directions of the latter (W. M. Rees) in this respect were testamentary in character, and were not effective, because not made and proved as a will.

Reversed and remanded with directions to the court to enter a decree in accordance with this opinion.