Les ANDERSON *v.* STATE of Arkansas Ex Rel. John A. CRAIN, Prosecuting Attorney

79-28 583 S.W. 2d 14

Opinion delivered June 25, 1979
(In Banc)

*Harry L. Ponder* and *H. David Blair,* for appellant.

*Jim Stallcup,* Prosecuting Attorney and *Paul E. Hopper,*

Deputy Prosecuting Atty., for appellee.

DARRELL HICKMAN, Justice. The only issue in this case is the validity of an order issued by the Sharp County Circuit Court, without any notice, to remove the appellant, Les Anderson, from office as county judge.

We have no difficulty finding the order invalid and reversing the judgment of the trial judge.

The prosecuting attorney filed, what was claimed to be a petition for a writ of *quo qarranto*, with the circuit court to remove Andersonn. It was claimed that Anderson had forfeited his office because of a conviction in the United States District Court for conspiracy and mishandling federal funds. Proof of the conviction was attached to the petition.

The same day the petition was filed, the court entered an order removing Anderson from office as county judge and declared the office vacant.

Also, the same day, the court directed a summons to be issued which read, "Les Anderson to appear within six days from this date and show whether cause may exist for setting said order of removal aside." The appellant moved to have the summons quashed and the order set aside because notice was not given as required by Ark. Stat. Ann. §27-308. The trial judge overruled that motion and the appellant argues on appeal the sole issue of notice.

The State, being the appellee, argues that either no notice was required because of the nature of a *quo warranto* action, or the lack of it was cured by the issuance of a summons, or the question is moot since Anderson did not seek reelection and no longer serves or seeks to serve as county judge.

*Quo warranto* literally means by what warrant. Generally, it was an action used by the Crown of England to question by what authority one held an office, or franchise; it was used to remove an usurper from office. Black's Law Dictionary, Fourth Addition.

The Supreme Court was given the power of this writ in the Arkansas Constitution, art. 7, §4. The essence of the writ was granted to the circuit courts in art. 7, §27 of the Arkansas Constitution, which reads:

> The circuit court shall have jurisdiction upon information, presentment or indictment to remove any county or township officer from office for incompetency, corruption, gross immorality, criminal conduct, malfeasance, misfeasance or nonfeasance in office.

In addition, Ark. Stat. Ann. §34-2201, et seq., gives the circuit courts power to, and defines the procedure for, removing an usurper from office. It was on the basis of these laws that the prosecuting attorney proceeded.

Nowhere have we found, nor has the State offered, any authority for a circuit court to remove a county officer without any notice. In one case, cited by the State, the respondent was given less than 20 days to show cause why a writ of *quo warranto should not* be issued. *State ex rel,* v. *McDiarmid,* 26 Ark. 480 (1871). This case was before our present civil code. Notice is the foundation of due process of law and since there was none, the order is invalid.

The summons in this case did not read that a writ could be issued; it said one had been issued and the burden was on Anderson to show whether it should be set aside. The order of removal had already been entered, therefore, the "notice" was not really notice.

Sometimes we find an issue moot on appeal, depending upon the circumstances and issues of the case. We choose to treat this case as a matter of sufficient importance to warrant a decision of the merits.

Reversed.

BYRD, J., dissents.