Charles D. RAGLAND, Commissioner of Revenues,
Department of Finance and Administration, State of
Arkansas *v.* GULF OIL CORPORATION and PAUL
COLLUM DISTRIBUTOR, INC.

85-205                                                    703 S.W.2d 449

Supreme Court of Arkansas
Opinion delivered February 10, 1986
[Supplemental Opinion on Denial of Rehearing March 17, 1986.*]

*Kelly S. Jennings*, for appellant.

*Young, Patton & Folsom*, by: *Nicholas H. Patton*, for
appellee.

STEELE HAYS, Justice. The only question on appeal is
whether the chancellor erred in "directing a verdict" against the
Commissioner of Revenue in this suit to abate a motor fuel tax

---

* Purtle, J., not participating.

assessment by the Commissioner against Gulf Oil Corporation and Paul Collum Distributor, Inc.

During the 1970's shortages of diesel fuel prompted Department of Energy regulations affecting the distribution of diesel fuel. To comply with those regulations Gulf Oil Corporation required its distributors to sell diesel fuel only to consumers holding a Department of Energy allocation. The Commissioner of Revenue conducted a motor fuel tax audit of Gulf for periods beginning on December 1, 1976 and ending December 31, 1980. The audits established that Gulf's distributor, Paul Collum Distributor, Inc. had submitted invoices to Gulf reflecting sales of 734,428 gallons of diesel fuel by Collum to Coonrod Construction Company, Inc., which had a Department of Energy allocation. The Commissioner determined that Coonrod had purchased no fuel from Collum, that Collum had sold the fuel to other consumers and in its reports to Gulf had falsely invoiced the fuel to Coonrod. The Commissioner credited Collum with 363,116 gallons which were not subject to Arkansas motor fuel tax and assessed a tax liability on the remaining 370,312 gallons against Gulf and Collum in the amount of $38,882.97, plus interest of $8,980.06.

Collum and Gulf protested and when the Board of Tax Hearings and Appeals sustained the assessment, they filed suit in chancery court to abate the tax. At the end of the proof the chancellor held that the Commissioner had failed to produce sufficient evidence to substantiate the number of gallons of diesel fuel subject to the assessment and ordered the abatement of all tax and interest. The Commissioner has appealed. We reverse the chancellor.

Ark. Stat. Ann. § 84-4721(b) (Repl. 1980) provides that when an appeal is taken from the Board of Tax Hearings and Appeals the case will be tried de novo in chancery court. The proof before the chancellor showed that Collum not only reported falsely to Gulf of sales to Coonrod which never occurred, Collum then destroyed its own records of actual sales to other consumers because those records did not conform to the fictitious sales to Coonrod.

When the Commissioner rested, Gulf and Collum moved for a "directed verdict," arguing that there was no proof of the gallonage involved. That motion should not have been granted, as

it is entirely clear that the amount of fuel was not disputed. Mr. Doug Reese, an auditor for the Commissioner, called by Gulf and Collum, testified that the adjusted gallonage amounted to 370,000 and neither Gulf nor Collum disputed the number of gallons involved. Indeed, Mr. Paul Collum acknowledged the correctness of the gallonage at several points in his testimony:

> Q: The amount of fuel in controversy is approximately three hundred and seventy thousand gallons. What did you do with all this fuel, Paul?
>
> A: We sold it.[1]
>
> Q: What type of people were you selling this three hundred and some odd thousand gallons to? Is this list part of them?
>
> A: Yes, they were largely small consumers.[2]

Moreover, it is clear from the pleadings and opening statements that the issue was not the amount of fuel, but whether the fuel was for road use or off-road use, which would materially affect the amount of tax due. Gulf and Collum's complaint alleges:

> . . . The assessment of the tax deficiency and interest in the amount set forth hereinabove was wrongfully assessed, in that no fuel was sold which was used upon the streets and highways of Arkansas, and, alternatively, the amount of fuel which was used upon the streets and highways of the State of Arkansas would require taxation in a much lesser amount than has been assessed.

In opening statement Collum's counsel told the chancellor the only issue (aside from a constitutional argument which was not pursued) was whether the diesel fuel was for road use or off-road use. Thus, on the basis of the pleadings and the conduct of the hearing, the review by the chancellor was limited to the type and amount of tax assessed. Gulf and Collum did not contest any other aspect of the assessment. The first time the number of gallons was put in issue was at the close of the proof.

---

[1] Record, p. 35.
[2] Record, p. 30.

■■ The general rule is that the necessity of introducing evidence to prove a fact may be waived by the adverse party where a case proceeds on the theory that certain facts are not in issue or a fact is admitted or conceded by the adverse party. Where a party admits in open court the existence of a fact material to the cause of his adversary, no proof is thereafter required for a finding on the matter and a party who causes a judge to understand that certain facts are admitted cannot object to the judge's conducting of the trial on the basis of that understanding. 88 C.J.S. Trials, §§ 58, 59. "Where a party causes a court to understand that certain facts are admitted, he cannot object to a hearing being conducted on the basis of that understanding." *Bond* v. *Dudley & Moore*, 244 Ark. 568, 426 S.W.2d 780 (1968); see also *Schuman* v. *Hughes*, 203 Ark. 395, 156 S.W.2d 804 (1941).

Under the circumstances of this case the amount of fuel was proven by the testimony of the state auditor but even if it were not, Gulf and Collum have effectively waived the issue by their conduct throughout the proceeding and by their own admissions.

■ On the issue of usage, the Commissioner relies on the prima facie presumption contained in Ark. Stat. Ann. § 75-1250 (Repl. 1979):

> 75-1250. Prima facie presumptions. — Any supplier, dealer or user who shall fail to keep records, issue the invoices or file the reports required by this Act, shall be prima facie presumed to have sold, delivered or used for taxable purposes all distillate special fuels shown by a duly verified audit by the Commissioner, or any authorized representative, to have been delivered to such supplier, dealer or user and unaccounted for at each place of business . . . from which . . . sold.

The statute creates a prima facie presumption that the fuel was used for taxable purposes because Collum admittedly destroyed the records. Collum contends the presumption does not apply because it was never audited, and the statute requires an audit before the presumption can arise.

The only purpose of the audit requirement in the statute is to provide an approved method to determine the quantity of fuel delivered to a dealer before it can be charged with that amount under the statute. There was an audit of Gulf that established the

delivery of 370,312 gallons for which Collum could not account. As we have seen, the amount of fuel delivered to Collum was never in dispute in this case and the point was effectively waived by Collum throughout the proceedings. The point is equally waived for purposes of this statute and, hence, the contention is without merit.

The order appealed from is reversed and the suit is remanded for the entry of a decree consistent with this opinion.

PURTLE, J., not participating.

Supplemental Opinion on Denial of Rehearing
March 17, 1986

705 S.W.2d 15

STEELE HAYS, Justice. By petition for rehearing appellees urge that we failed to give due consideration to appellees' proof rebutting the presumption of Ark. Stat. Ann. § 75-1250. The

proof was not disregarded, though our opinion fails to discuss this point. As it should have been addressed, we issue this supplemental opinion.

■ Ark. Stat. Ann. § 75-1250 (Repl. 1979) provides that any supplier, dealer or user who fails to keep records of motor fuel sales shall be prima facie presumed to have sold such fuel for taxable use, provided, "the presumption may be overcome by evidence adduced by the supplier, dealer or user."

■ The substance of appellees' proof, offered to rebut the undisputed fact that all records of sales invoiced to Coonrod Construction Company, Inc. were destroyed, consisted of questions to Doug Reece, auditor for the state, and to Mr. Paul Collum. Reece was asked whether in the course of his investigation he attempted to learn whether Collum had actually sold fuel for highway use. Reece said that he had not tried to obtain that information. The obvious answer to this proof is that the burden is not on the state to show what use was made of the fuel—rather, when the dealer fails to keep the records required under the law, the burden is his to show that the sales were not for taxable purposes. Thus the state was under no obligation to investigate to see what use was made of the missing sales.

The substance of the remaining proof consisted of questions to Mr. Collum, e.g. "Were you trying to commit a fraud?" "Were you trying to avoid paying road use tax?" "Have you ever sold fuel to people who use it for road use that you were aware of without collecting the tax?" "What type of people were you selling this three hundred and some-odd thousand gallons to?" (Answer: "Largely small consumers.") The balance of appellees' proof was that Collum's plant would not readily accommodate trucks, as opposed to passenger cars, and that during this period of time (1976-1980) wheat combining operations were going on in the region which resulted in large sales of diesel fuel. Mr. Collum could not, however, name the purchasers or identify specific sales.

■ We think appellees' proof wholly fails to meet the requirements of the statute. Section 75-1250 is intended to require dealers to preserve their records and invoices so the state can verify the payment of motor fuel taxes, if such taxes are due. Where a dealer destroys the records of his sales, he cannot expect

to rebut the presumption of the statute simply by declaring that he did not knowingly sell to anyone who bought fuel for highway use, or offer similar generalized statements of non-liability. We interpret the statute as requiring proof of specific transactions not subject to the tax in order to rebut the presumption of liability.

Rehearing denied.

PURTLE, J., not participating.