Kenny IRVIN, Doug Irvin and Mike Irvin *v.* Bernice
JONES

91-331                                                832 S.W.2d 827

Supreme Court of Arkansas
Opinion delivered June 29, 1992

*Howard L. Slinkard, P.A.*, by: *Howard L. Slinkard*, for appellants.

*Shults, Ray & Kurrus*, by: *Robert Shults* and *Thomas Ray*, for appellee.

DONALD L. CORBIN, Justice. Appellants, Kenny Irvin, Doug Irvin, and Mike Irvin, are brothers. Their mother was once married to the nephew of appellee, Bernice Jones. While their mother was married to appellee's nephew, appellee bought seventeen $10,000 certificates of deposit payable to herself or each of her grandnieces and grandnephews respectively, as joint tenants with right of survivorship. Three of these seventeen certificates of deposit were made payable to appellee or each of

the three appellants respectively, and are the subject of this appeal. The three certificates in question stated on their faces that they were "not negotiable — not transferrable — not subject to check" and that they were to be paid on return of the certificate properly endorsed. Appellee purchased the certificates solely with her money on March 12, 1985; the certificates were to mature in 48 months. Appellee cashed the three certificates in question on March 14, 1989, collecting $14,894.03 principal and interest for each certificate. Meanwhile, appellants' mother and appellee's nephew had divorced.

Appellants filed suit against appellee for conversion of the proceeds claiming the certificates were gifts *inter vivos*. Appellee filed a motion for summary judgment contending she only intended for appellants to have the certificates on her death, if she had not already cashed them and that she had never delivered possession of the certificates to appellants. The trial court stated that appellants admitted appellee never delivered the certificates to them and entered an order granting summary judgment because there were no genuine issues of material fact and appellee was entitled to judgment as a matter of law. The order was correct and we affirm it.

In addition to the hearing on the motion for summary judgment, the trial judge had before him affidavits, depositions, responses to interrogatories, and requests for production of documents. There were arguably disputed facts regarding whether or not appellee had the requisite intent to make an irrevocable gift *inter vivos*. However, neither appellee nor any of appellants dispute that appellee retained sole possession of the certificates at all times and that she never delivered them to appellants.

Our law determining a valid gift *inter vivos* is well established. The donor must have an irrevocable intent to make the gift and must deliver the gift to the donee. We have stated these requirements in many ways over the years. In *Williams* v. *Smith*, 66 Ark. 299, 301, 50 S.W. 513, 514 (1899), this court stated the requirements as follows:

> "If the gift be intended *in presenti*, and be accompanied with such delivery as the nature of the property will admit, and the circumstances and situation of the parties render

reasonably possible, it operates at once, and, as between the parties, becomes irrevocable. Such delivery may be made to a bailee as effectually as to a donee in person. * * * If there be only an intention to give, and no delivery, it will be inchoate and incomplete, however strong the expression of the intention may be; and the property does not pass. . . ."

Almost one hundred years later, in *Wright* v. *Union Nat'l Bank*, 307 Ark. 301, 304, 819 S.W.2d 698, 700-01 (1991), we stated those same requirements as follows:

Our law is clear that in order for an inter vivos gift to transpire it must be proven by clear and convincing evidence that (1) the donor was of sound mind; (2) an actual delivery of the property took place; (3) the donor clearly intended to make an immediate, present, and final gift; (4) the donor unconditionally released all future dominion and control over the property; and (5) the donee accepted the gift. *See Phipps* v. *Wilson*, 251 Ark. 377, 472 S.W.2d 929 (1971).

Over the years, we have focused on the requirement of delivery. In *Baugh* v. *Howze*, 211 Ark. 222, 226, 199 S.W.2d 940, 942 (1947), we quoted from *Ragan* v. *Hill*, 72 Ark. 307, 80 S.W. 150 (1904) and stated that:

'In all gifts a delivery of the thing given is essential to their validity; for although every other step be taken that is essential to the validity of a gift, if there is no delivery, the gift must fail. Intention cannot supply it; words cannot supply it; actions cannot supply it; it is an indispensable requisite, without which the gift fails, regardless of the consequences. . . .'

Appellants do not dispute the foregoing recitation of the law of gifts *inter vivos*. They argue, however, that in this particular case, the foregoing requirements can be met in a less stringent manner. They seem to rely on the language in *Williams*, 66 Ark. 299, 50 S.W. 513, that there need only be "such delivery as the nature of the property will admit." As we have consistently applied the foregoing requirements to *inter vivos* gifts of certificates of deposit, we are not persuaded by appellants' argument.

Appellants also argue that Ark. Code Ann. § 23-32-1005 (1987) vests them with an ownership interest in the certificates of deposit. We are not persuaded that our banking statutes, in particular section 23-32-1005, have any applicability to the law of gifts *inter vivos*. Moreover, the abstract does not reveal that appellants raised the statutory argument in the proceedings below. Therefore, we do not address the statutory argument as it is raised for the first time on appeal. *Shamlin* v. *Shuffield*, 302 Ark. 164, 787 S.W.2d 687 (1990).

There can be no doubt that a certificate of deposit may be the subject of a gift *inter vivos*. We have stated that a promissory note, or any chose in action or other evidence of debt, may be the subject of a gift *inter vivos* and that a certificate of deposit falls into this category. *Boling* v. *Gibson*, 266 Ark. 310, 584 S.W.2d 14 (1979). Likewise, there can be no doubt that the requirements of intent and delivery apply to an *inter vivos* gift of a certificate of deposit. We have also stated that in order to constitute a valid gift of a certificate of deposit, there must be an intent by the donor that title pass immediately, and a delivery of the certificate. *Id.*

In *Hudson* v. *Bradley*, 176 Ark. 853, 4 S.W.2d 513 (1928), we applied the law of gifts *inter vivos* to a case with facts very similar to the present case. In *Hudson*, a father bought certificates of deposit payable to himself or his son. As in the present case, the certificates in *Hudson* were purchased solely with the purchaser's money and were not subject to check. The *Hudson* case held there was not a valid gift *inter vivos* because the father retained possession of the certificates and never delivered them to his son.

In the present case, appellee stated in her affidavit that she kept physical possession of the certificates in her safe deposit box at all times. Appellants admit that they never had possession of the certificates. Thus, appellants offered no proof of the element of delivery, which the foregoing case law, especially *Hudson*, establishes is an essential element of the claim of a valid gift *inter vivos*.

In *Short* v. *Little Rock Dodge, Inc.*, 297 Ark. 104, 106, 759 S.W.2d 553, 554 (1988), we stated that:

It is proper to grant a summary judgment "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Ark. R. Civ. P. 56(c). In *Celotex Corp.* v. *Catrett*, 477 U.S. 317 (1986), the Supreme Court interpreted F.R.C.P. 56, which is identical to our rule in every material respect, as permitting a summary judgment when a plaintiff cannot offer proof of a material element of the claim. We agree with the Supreme Court's rationale that when a party cannot present proof on an essential element of her claim there is no remaining genuine issue of material fact, and the party moving for a summary judgment is entitled to judgment as a matter of law.

As there was no proof that appellee delivered the certificates to appellants or to their agent, there is no proof of delivery, an essential element of appellants' claim. Therefore, based on our ruling in *Short*, there is no remaining genuine issue of material fact, and appellee was entitled to judgment as a matter of law. The trial court committed no error in granting summary judgment.

Affirmed.