BAKER v. APPLEN.

Opinion delivered March 31, 1930.

*Northcutt & Northcutt,* for appellant.

*L. B. Poindexter,* for appellees.

HUMPHREYS, J.    Appellees instituted this suit against appellant in the chancery court of Sharp County, Southern District, to cancel a deed executed by Joe Baker to said appellant on the 15th day of August, 1928, conveying the northwest quarter of the southwest quarter, section 10, township 15, north, range 4 west, in said county, and to have a resulting trust declared in said land in their favor.    It was alleged, in substance, that the land in question was purchased by Joe Baker, appellees' and said appellant's father, in the year 1909 from a Mr. Gist with property of appellees, taking title in his own name, whereupon a resulting trust arose at once in favor of appellees to said land, and that on the 28th day of October, 1928, Joe Baker died intestate without having conveyed said land to them.

Appellant filed an answer denying each and every material allegation in the complaint, and specifically pleading laches on the part of appellees.

The cause was submitted to the court upon the pleadings and testimony adduced by the parties, which resulted in a finding that Joe Baker purchased said land with the property of appellees, and that a resulting trust therein arose in their favor, and a consequent decree cancelling the deed made by Joe Baker to said appellant for said land on the 15th day of August, 1928, and vesting title thereto in appellees, from which findings and decree is this appeal.

According to the preponderance of the evidence, reflected by the record, Leo Baker attained his majority in the year 1904, at which time his father, Joe Baker, gave him a horse, bridle and saddle which he took with him when he left home to make his own way in the world; that he did not return to reside again in the neighborhood until about six years; that during his absence each of his sisters, appellees herein, attained their respective majorities, whereupon, in order to equalize them with Leo

and each other, Joe Baker gave each a mule; that in the year 1909, by and with the consent of appellees and in their presence, Joe Baker traded the two mules, of the value of $300, for the land in question, with the avowed purpose and understanding that the land should become and be the property of appellees; that when Leo Baker returned to the neighborhood with his family he was in debt, and that, through the assistance of his father and sisters, he was enabled to make enough to pay his indebtedness and purchase a small home; that after the mules were traded for the land appellees with the assistance of their father, who was old, cleared up the land in question and built a home thereon; that the father, mother and two daughters continued to live in the home together as one family until each of the appellees married; that Malinda married Applen when she was thirty-one years of age, and Elneda married Britt when she was forty-one years of age; that after the mother died Joe Baker resided part of the time with each of his children in their respective homes; that in August, 1928, he left the home of Mr. and Mrs. Applen to live with his son, Leo, and on the following day after his arrival in Leo's home he conveyed the land to him because he conceived the idea that he was no longer welcome in his daughter's home; that at the time he was in a helpless condition physically, and died on the 28th day of October following; that the deed was placed upon record soon after its execution, and immediately after being recorded and before the death of Joe Baker this suit was commenced.

Appellant makes two contentions for a reversal of the judgment. The first being that there was no manual delivery of the mules by Joe Baker to appellees, and because of such failure the title to the mules never passed to them; and, second, that appellees are barred on account of laches.

(1). Although there was a slight conflict in the evidence, the overwhelming weight thereof is to the effect that Joe Baker gave each of appellees when they at-

tained their respective majorities a mule to equalize them with their brother, appellant herein; that appellees accepted the gift and thereafter used and exercised ownership over the mules; that Joe Baker recognized their ownership of the mules, and when he exchanged them for the land did so with their consent and in their presence. Both appellees testified that, in the event they had married before the mules were traded for the land, they would have taken the mules with them as their father had other mules for use on the place. Joe Baker told his neighbors that he had given the mules to the girls to equalize them with the brother on account of the horse, saddle and bridle he had given him. We think, as all parties lived in the same home, the gift was completed when appellees accepted and used the mules as their own. The rule laid down in 28 C. J., § 27, governs in the instant case. It is as follows: "The rule as to delivery is not so strictly applied to transactions between members of a family living in the same house, the law in such cases accepting as delivery acts which would not be so regarded if the transactions were between strangers living in different places. It is not required that the thing given should be removed from one common residence."

In the case of *Moore v. Cline,* 115 Ga. 405, 41 S. E. 614, a gift of a horse by a son to his mother was upheld, where they resided in the same house, and no actual delivery was made, but where the mother accepted the gift and exercised the rights of ownership and control over the horse thereafter.

A gift of horses by a father to his son was upheld in the case of *Horn v. Horn,* 152 Wis. 482, 140 N. W. 58, upon the declaration of the father that he had given the horses to his son, and the father's conduct thereafter in recognizing the son's ownership of them. There is no dispute that the mules which Joe Baker had given to his daughters were traded even, by their consent and in their presence, for the land in question. Their property was invested for them in the land, although the conveyance

was taken in the name of their father, so the law raised a resulting trust in the land in their favor. 26 R. C. L., p. 1214, paragraph 57.

(2). There is no merit in appellant's contention that appellees are barred by laches. Appellees resided upon this land with their father until their respective marriages. Elneda did not marry until she was forty-one years of age, so she resided thereon until a short time before the deed to the land was made to her brother, the appellant. It is only delay which works a disadvantage to another that operates as an estoppel against the assertion of a right. *Norfleet* v. *Hampton,* 137 Ark. 600, 209 S. W. 651. Filial respect and consideration prompted appellees not to insist upon their father executing a deed to them for the land. Within thirty days, or thereabouts, after Joe Baker made the deed to said property to appellant, and just as soon as they acquired the knowledge that he had done so, they filed a *lis pendens,* and instituted this suit to cancel the deed, and to enforce a resulting trust in said land. The suit was brought promptly after the execution of the deed, and no disadvantage resulted to appellant between the date of the deed and the institution of the suit. Appellant paid nothing for the land, so he acquired no equity under the conveyance superior to the equity of appellees therein. Under the facts in this case appellant's grantor could not have successfully pleaded laches as against the right of appellees in the land, and neither can appellant himself.

No error appearing, the decree is affirmed.