Hugh B. CHALMERS and Janelle Chalmers *v.* Nina
CHALMERS and Ralph W. Sloan, Successor Trustee

96–358                                    937 S.W.2d 171

Supreme Court of Arkansas
Opinion delivered February 3, 1997

*Rieves & Mayton,* by: *Martin W. Bowen,* for appellants.

*Sloan, Rubens & Peeples,* by: *Kent J. Ruebens,* for appellees.

DAVID NEWBERN, Justice. The issues in this case concern whether a promissory note was delivered, and if so, whether the interest specified was usurious thus rendering the note unenforce-

able. We affirm the Chancellor's decision that the note was delivered and that the interest charged was not usurious.

Appellant Hugh B. Chalmers issued a promissory note to his father, Hugh J. Chalmers, now deceased, in the amount of $50,000. The note was payable upon demand or within sixty days of the death of Hugh J. Chalmers. The note, dated January 1, 1975, provided for interest at 10% per year. According to the note, payment was secured by 150 shares of common capital stock of Chalmers Buick Company.

On November 9, 1982, the parties substituted a deed of trust on certain real property in place of the stock as security for the note. The substitution agreement referred to the note as "a note dated January 1, 1975." The deed of trust was recorded on November 19, 1985.

On February 2, 1989, an additional agreement was entered between Hugh B. Chalmers and his father. According to the agreement, Hugh B. Chalmers would pay $15,000 to First Commercial Bank and "The balance owed to Hugh [J.] Chalmers by Hugh B. Chalmers will be $35,000."

Hugh B. Chalmers paid interest on the note, including a $5,000 payment for the year 1975, up until 1991. On July 9, 1992, Hugh J. Chalmers assigned the deed of trust to his wife, Nina Chalmers, "together with the note and indebtedness described in and now secured thereby, and all monies due or to become due thereunder with the interest thereon." The assignment was recorded on July 9, 1992.

Hugh J. Chalmers died. Nina Chalmers's demand for payment of the note was rejected by Hugh B. Chalmers, and she filed this action to recover the $35,000 remaining unpaid on the note and to foreclose on the deed of trust.

Hugh B. Chalmers moved to dismiss the complaint on the ground that the note was unenforceable because interest was charged at a usurious rate. He also contended that his father failed to make an effective *inter vivos* assignment of the note because it was not delivered to Nina Chalmers while he was alive. The Chancellor refused to dismiss the complaint.

At the trial, Mr. Chalmers admitted that the interest rate provided in the note, 10%, was not usurious on its face. He claimed that, rather than being issued January 1, 1975, the date on the note, the original transaction occurred and the note was actually issued on September 30, 1975. According to Mr. Chalmers, the interest for 1975 was at a usurious rate because he paid $5,000 in interest for the three months immediately following the issuance of the note.

Nina Chalmers testified that she and her husband had a bank safety-deposit box. It was referred to as a "lock box." She knew nothing of the note until after her husband died when she found the note in the lockbox. The note was indorsed, "Pay to the order of Nina L. Chalmers," and signed "Hugh Chalmers."

The Chancellor's letter opinion stated that "The proof showed that . . . [Nina Chalmers] was unaware of the gift, but the court is satisfied that the deceased intended a present gift, and delivery is satisfied by the recording of the deed of trust assignment, when coupled with the endorsement on the back of the note."

The Chancellor declined to hold the note usurious. The Chancellor found that "it is not clear that the instrument did not reflect the agreement of the parties. . . . The note is not usurious on its face. The burden of showing usury, by clear and convincing evidence, is upon defendants, and the court feels they have failed to do this." The decree granted Nina Chalmers a judgment on the note for $35,000 and ordered a sale of the property described in the deed of trust if the debt were not paid in ten days.

### 1. Delivery

Hugh B. Chalmers contends that Hugh J. Chalmers did not effect an *inter vivos* gift to Nina Chalmers because Hugh J. Chalmers failed to deliver the note to her during his life. A promissory note, or any chose in action or other evidence of debt, may be the subject of a gift *inter vivos*. *See Irvin v. Jones*, 310 Ark. 114, 832 S.W.2d 827 (1992). The requirements for an effective *inter vivos* gift have been stated by the Court as: an actual delivery of the subject matter of the gift to the donee with a clear intent to make an imme-

diate, unconditional, and final gift beyond recall, accompanied by an unconditional release by the donor of all future dominion and control over the property so delivered. *Ragland v. Commercial Nat'l Bank of Arkansas*, 276 Ark. 418, 635 S.W.2d 258 (1982); *Boling v. Gibson*, 266 Ark. 310, 584 S.W.2d 14 (1979).

■ Although the rule with respect to delivery of gifts is less strictly applied to transactions between members of a family, delivery must occur for a gift to be effective. *Aycock v. Bottoms*, 201 Ark. 104, 144 S.W.2d 43 (1940). *See Baker v. Applen*, 181 Ark. 454, 26 S.W.2d 109 (1930).

Mr. Chalmers contends that placement of the note in the lockbox was insufficient to effect delivery because the gift was not beyond recall by his father. He submits that Hugh J. Chalmers retained the right to exercise dominion and control over the note. Nina Chalmers contends that placement of the note in the lockbox to which she and Hugh J. Chalmers both had access was sufficient delivery when combined with the recordation of the assignment of the deed of trust and the indorsement on the note. She also points out that the transaction was between family members.

■ Some of our cases state a requirement that the validity of an *inter vivos* gift is dependent upon acceptance by the putative donee in addition to the elements stated above. *See, e.g., Irvin v. Jones, supra.* Although reference is made to the fact that Nina Chalmers was unaware of the note and deed of trust until after Hugh J. Chalmers's death, that fact is argued under the point that delivery was not effected. We are not asked to hold that there was no gift due to lack of acceptance, and we do not address that point.

■ The gravamen of delivery is a showing of an act or acts on the part of the putative donor displaying an intention or purpose to part with dominion over the object of the gift and to confer it on some other person. Express words or particular conduct may be dispensed with when reasonable minds would conclude from attending circumstances that the purpose was present. *Carlson v. Carlson*, 224 Ark. 284, 273 S.W.2d 542 (1954). Intention to give, by itself, is not sufficient; there must be a delivery to

consummate the gift and to pass title. *Gross v. Hoback*, 187 Ark. 20, 58 S.W.2d 202 (1933). The decisive factor is whether the putative donor has the power to reclaim the property. *Carlson Administrator v. Carlson, supra.*

The mere placing of an item in a lockbox to which both the alleged donor and donee have access is not sufficient to constitute delivery. *Cowan v. Powell*, 219 Ark. 498, 243 S.W.2d 373 (1951). Even the placement of an item in a lockbox exclusively controlled by the alleged donee may not constitute delivery. *McCune v. Brown*, 8 Ark. App. 51, 648 S.W.2d 811 (1983). We do, however, consider other evidence to determine the intent of the alleged donor.

In *Boling v. Gibson, supra,* certificates of deposit were placed in a lockbox over which both the alleged donor and the alleged donee may have had control. The case was decided on a different point, but in an *obiter dictum* we said, "The question was not whether . . . [the alleged donor] had lost all dominion and control over these certificates. It was whether he clearly intended to relinquish all dominion and control."

According to Ark. Code Ann. § 4-3-203(a) (Repl. 1991), "An instrument is transferred when it is delivered by a person [Hugh J. Chalmers] other than its issuer [Hugh B. Chalmers] for the purpose of giving to the person receiving delivery the right to enforce the instrument." According to Ark. Code Ann. § 4-3-204(c) (Repl. 1991), ". . . an indorsement that transfers a security interest in the instrument is effective as an unqualified indorsement of the instrument." In this case, the Chancellor's decision is supported by the indorsement on the back of the note in favor of Nina Chalmers and the fact that Hugh J. Chalmers declared "to the world" that he had assigned the note and deed of trust to his wife by recording the assignment to her of the deed of trust. The assignment mentioned the note as well.

The Chancellor relied on our decision in *Aycock v. Bottoms, supra,* not only for the holding that the delivery requirement is relaxed as between family members, but for the statement that, "Indeed it has been held quite frequently in many jurisdictions that the assignment of certificates of stock to a donee by a holder is

tantamount to delivery of the stock, although manual delivery may be wanting."

The Chancellor's conclusion that it was the intention of Hugh J. Chalmers to make a present gift was not clearly erroneous, and his conclusion that delivery occurred was proper in the circumstances presented.

## 2. Usury

Hugh B. Chalmers also contends that the note is void because he was charged a usurious rate of interest. All parties concede that the 10% interest rate included in the terms of the note is facially valid.

The evidence presented by Mr. Chalmers to support his claim consisted solely of his testimony that the note was actually issued on September 30, 1975. In his letter to the attorneys explaining his decision, the Chancellor stated the following:

> This note was prepared by an accountant, and appears to have been prepared at the request of both parties to the note. It is clear defendant [Hugh B. Chalmers] was well versed about usury, he being a director on a bank board. It must be pointed out that if a borrower is the author of, or joint adventurer of the tainted transaction, he cannot profit by his own action. *Perry v. Selby*, 196 Ark. 541, 118 S.W.2d 849 (1938); *McDermott v. Strauss*, 283 Ark. 444, 678 S.W.2d 334 (1984); *Crawford v. Gen. Contract Corp.*, 174 F. Supp. 283 (1959).

Reference was also made by the Chancellor to the fact that Hugh B. Chalmers had referred to the note as a note of January 1, 1975, in subsequent instruments to which he was a party.

The Chancellor thus held that Hugh B. Chalmers failed to meet his burden of showing usury by clear and convincing evidence. In reviewing that factual determination, we do not reverse unless we can say that it is clearly erroneous (clearly against the preponderance of the evidence). Ark. R. Civ. P. 52(a); *Riddick v. Streett*, 313 Ark. 706, 858 S.W.2d 62 (1993). We defer to the superior position of the chancellor to judge the credibility of the witnesses. *Id.; Brown v. City of Stuttgart*, 312 Ark. 97, 847

S.W.2d 710 (1993); *McElroy v. Grisham*, 306 Ark. 4, 810 S.W.2d 933 (1991). We cannot say the Chancellor's determination was clearly erroneous or clearly against the preponderance of the evidence.

Affirmed.

THORNTON, J., not participating.