
# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** CV–12–1015

| | |
|---|---|
| JOANN ELIZABETH BRADFORD<br>APPELLANT | **Opinion Delivered** October 30, 2013 |
| V. | APPEAL FROM THE VAN BUREN<br>COUNTY CIRCUIT COURT<br>[NO. DR–2010–216] |
| DARRELL WAYNE BRADFORD<br>APPELLEE | HONORABLE CHARLES E.<br>CLAWSON, JR., JUDGE |
| | REVERSED AND REMANDED |

## RITA W. GRUBER, Judge

Joann and Darrell Bradford were married on February 27, 1993, and were divorced on May 31, 2012. The divorce decree included the circuit court's division of real and personal property; various bank accounts, annuities, and IRAs; oil, gas, and mineral rights; and royalties from the lease of mineral rights. Ms. Bradford appeals the portion of the divorce decree that awarded funds to Mr. Bradford as his separate property:

> 14. That *prior to the marriage, Defendant, Darrell Bradford was the owner of Edward Jones Account No. 722-04556-1-7 which had a total account value of $93,9207.09 on February 26, 1993* (Defendant's Exhibit No. 14). This account value was comprised of the AIG annuity ($16,526.72), the American Funds IRA ($29,106.91), and the Edward D. Jones investment account ($47,573.46). *The Court finds that the funds valued at $93,207.09 held by Edward D. Jones is the separate property of the Defendant, Darrell Bradford.* The balance of the assets in the Edward D. Jones accounts, after the deduction of the $93,207.09 are martial [sic] assets and shall be divided equally between the parties. The Court directs that this shall be done in such a manner as to minimize any penalty or tax consequences resulting from their disposition.

(Emphasis added.) Defendant's Exhibit No. 14 is a February 26, 1993 statement of Edward

D. Jones & Co. account number 722-03492-1-5 for the account of "Darrell W. Bradford." It reflects a "portfolio value" of $93,207.09, which includes $16,526.72 in "annuities held by customer." There is no dispute that, immediately following the parties' marriage, Mr. Bradford transferred the assets of account 722-03492-1-5 into a new account, 722-04556-1-7, that was held in the parties' names as tenants by the entirety.

Ms. Bradford contends that because Mr. Bradford transferred ownership of the account that was solely in his name into their joint names, the entire account became property owned as tenants by the entirety and the circuit court should have equally divided the entire balance. Mr. Bradford responds that he sought an unequal distribution of the property and overcame the presumption of tenancy in the entirety that was created by transferring ownership of the account into the parties' names. He asserts that the circuit court "basically made an unequal division of an item of marital property and explained its reason for doing so," as is allowed by statute.

Defendant's Exhibit No. 12, a July 29, 2011 statement of account 722-04556-1-7,[1] held by Darrell W. Bradford and Jo Ann E. Bradford as joint tenants with right of survivorship, reflects a value of $445,080.57. Mr. Bradford testified that some amounts within the $445,080.57 were held outside Edward Jones, explaining that there were separate IRA accounts for himself and Ms. Bradford and "an annuity held outside of Edward Jones," which

---

[1]The final divorce hearing in this case was held on August 2, 2011. The circuit court issued a letter opinion on September 2, 2011, and Ms. Bradford filed a motion for reconsideration of the court's finding that $93,207.09 of funds was the separate property of Mr. Bradford. A hearing on the motion took place on February 21, 2012, after which the court entered the divorce decree from which this appeal is taken.

was in his name alone and which he had purchased before the parties' marriage. He testified

that an April 2011 deposit into the Edward Jones account came from royalties. He asked the

court to make an unequal distribution of property because he was disabled, had no occupation

that he could enter, had no vocational skills, was not employable, and received income only

from his disability and Arkansas Highway Department retirement. Ms. Bradford testified that

the parties' income tax refund was deposited into the Edward Jones account and that she and

Mr. Bradford each had IRA accounts.

Division of property at the time of divorce is governed by Arkansas Code Annotated

section 9–12–315(a) (Repl. 2009):

> (1)(A) All marital property shall be distributed one-half (1/2) to each party unless the court finds such a division to be inequitable. In that event the court shall make some other division that the court deems equitable taking into consideration:
>> (i) The length of the marriage;
>> (ii) Age, health, and station in life of the parties;
>> (iii) Occupation of the parties;
>> (iv) Amount and sources of income;
>> (v) Vocational skills;
>> (vi) Employability;
>> (vii) Estate, liabilities, and needs of each party and opportunity of each for further acquisition of capital assets and income;
>> (viii) Contribution of each party in acquisition, preservation, or appreciation of marital property, including services as a homemaker; and
>> (ix) The federal income tax consequences of the court's division of property.
> (B) When property is divided pursuant to the foregoing considerations the court must state its basis and reasons for not dividing the marital property equally between the parties, and the basis and reasons should be recited in the order entered in the matter;
> (2) All other property shall be returned to the party who owned it prior to the marriage unless the court shall make some other division that the court deems equitable taking into consideration those factors enumerated in subdivision (a)(1) of this section, in which event the court must state in writing its basis and reasons for not returning the property to the party who owned it at the time of the marriage.

SLIP OPINION

Where property is placed in the names of persons who are husband and wife without specifying the manner in which they take, there is a presumption that they own the property as tenants by the entirety, and clear and convincing evidence is required to overcome that presumption. *Cole v. Cole*, 53 Ark. App. 140, 920 S.W.2d 32 (1996); *Lofton v. Lofton*, 23 Ark. App. 203, 745 S.W.2d 635 (1988). Clear and convincing evidence is evidence by a credible witness whose memory of facts is distinct, "whose narration of the details thereof is exact and in due order," and "whose testimony is so clear, direct, weighty, and convincing as to enable the fact-finder to come to a clear conviction, without hesitance, of the truth of the facts related." *Lofton*, 23 Ark. App. at 206, 745 S.W.2d at 637. The rights of the parties under a tenancy by the entirety in an account is a question of law. *McEntire v. McEntire's Estate*, 267 Ark. 169, 590 S.W.2d 241 (1979).

The fact that consideration given for property taken in the two names belonged to only one spouse is of little, if any, significance where that spouse is responsible for the property being taken in both names, as the presumption is that there was a gift of an interest by the husband to the wife. *See Ramsey v. Ramsey*, 259 Ark. 16, 531 S.W.2d 28 (1975). The tracing of money or property into different forms is not to be considered as an end in itself, and the fact that a spouse made contributions to certain property does not necessarily require recognizing those contributions in the property division upon divorce. *McCormick v. McCormick*, 2012 Ark. App. 318, ___ S.W.3d ___.

Here, we hold that the circuit court erred as a matter of law in failing to recognize the rights of Mr. and Ms. Bradford as tenants by the entirety in the account held as joint tenants

4

with right of survivorship. The presumption of tenancy by the entirety arose when Mr. Bradford established the joint tenants account in the parties' names, and the record lacks any testimony or evidence—much less clear and convincing testimony or evidence—to overcome that presumption. Nor was there testimony or evidence to overcome the presumption that Mr. Bradford intended that the consideration he provided for the joint account be anything but a gift. We therefore reverse the circuit court's finding that $93,9207.09 of funds in the account held as tenants by the entirety was the separate property of Mr. Bradford, and we order the circuit court to recognize the $93, 9207.09 as marital property.

However, we recognize that Mr. Bradford requested the circuit court to make an unequal distribution in this case. We also recognize that a circuit court may order an unequal distribution of marital property if the court finds an equal division to be inequitable and that, in such cases, the court shall recite the basis and reasons for not dividing the marital property equally. Ark. Code Ann. § 9-12-315(a). Because we reverse the finding that the funds at issue were the separate property of Mr. Bradford, we remand for the circuit court to consider whether an equal distribution of the marital funds would be inequitable. If it deems an equal distribution to be inequitable, the court shall consider the statutory factors of Arkansas Code Annotated section 9-12-315(a)(1)(A) and shall recite the basis and reasons for the unequal division in its written order, as is required by subsection (a)(1)(B).

Reversed and remanded.

HARRISON and WHITEAKER, JJ., agree.

*Jerry D. Patterson*, for appellant.

*The Blagg Law Firm*, by: *Ralph J. Blagg*, for appellee.