SLIP OPINION

# ARKANSAS COURT OF APPEALS

DIVISION IV
**No.** CV-14-883

| | |
|---|---|
| DARRELL WAYNE BRADFORD<br>APPELLANT<br><br>V.<br><br><br>JOANN ELIZABETH ISOM (formerly BRADFORD)<br>APPELLEE | **Opinion Delivered** April 29, 2015<br><br>APPEAL FROM THE VAN BUREN COUNTY CIRCUIT COURT<br>[NO. DR 2010-216]<br><br>HONORABLE CHARLES E. CLAWSON, JR., JUDGE<br><br>AFFIRMED |

**RITA W. GRUBER, Judge**

Joann and Darrell Bradford were divorced by decree of the circuit court in an order entered on May 31, 2012. The order included a division of property that in part—and as relevant to the issue before us—addressed an account held in the parties' names as tenants by the entirety. The court found that "the funds valued at $93,207.09 held by Edward D. Jones is the separate property of [Mr. Bradford]" and that the "balance of the assets in the Edward D. Jones accounts, after the deduction of the $93,207.09 are martial [sic] assets and shall be divided equally between the parties." In *Bradford v. Bradford*, 2013 Ark. App. 615, an appeal brought by Ms. Bradford (now Isom), we reversed the circuit court's finding that the $93,207.09 was the separate property of Mr. Bradford. Recognizing that Mr. Bradford had sought an unequal distribution of the property, we remanded for the circuit court to consider whether an equal distribution of the funds would be inequitable. *Bradford*, 2013 Ark. App. 615, at 4. Our decision included the following directive: "If [the circuit court] deems an

equal distribution to be inequitable, the court shall consider the statutory factors of Arkansas Code Annotated section 9-12-315(a)(1)(A) and shall recite the basis and reasons for the unequal division in its written order, as is required by subsection (a)(1)(B)." *Id.*

On April 17, 2014, subsequent to our remand, the circuit court conducted a hearing. Each side presented its case concerning the $93,207.09, with Mr. Bradford again seeking an unequal distribution. The court stated that it would issue a decision after considering the testimony it had just heard and the exhibits that had been introduced initially in the case. The court's subsequent written order, entered on June 30, 2014, set forth the following findings:

> 1. That . . . the Arkansas Court of Appeals issued an opinion directing that certain property, consisting of Edward Jones Account No. . . . which had been ruled to be the separate property of the Defendant, Darrell Bradford, was in fact, a marital asset and was to be divided equally between the parties.

> 2. That the Appellate Court went on to recognize that Defendant had argued for an unequal distribution of the account. Subsequently, a hearing was held in this regard on April 17, 2014. The testimony in that hearing was essentially the same tenor as was presented at the final hearing.

> 3. That this Court finds that the balance in Edward Jones Account No. . . . is a marital asset and the balance there of $93,207.09 is to be equally divided by the parties.

Mr. Bradford brings the present appeal from the June 30, 2014 order. He contends that the circuit court erred by stating that our 2013 decision ruled that "the asset was to be divided equally between the parties" and that the circuit court failed to follow our "mandate to consider whether an equal distribution of the marital asset was inequitable." He asserts that the first paragraph of the circuit court's order mischaracterized our mandate and deviated from it by failing to examine the equities and determine the appropriateness of an equal distribution. He argues that the evidence in this case lies clearly within the statutory factors

a court shall consider under Arkansas Code Annotated section 9-12-315 and that the circuit court simply did not consider whether an equal distribution of the marital funds would be inequitable.

Ms. Isom responds that the circuit court, after recognizing our ruling that the $93,207.09 was marital property as a matter of law, simply ordered the same equal division it had ordered in the 2012 divorce decree for every item of marital property. She concludes that the circuit court's order was not in derogation of our earlier decision and was in keeping with the marital-property statute. We agree.

"A circuit court must implement both the letter and spirit of the mandate, taking into account the appellate court's opinion and the circumstances it embraces." *Dolphin v. Wilson*, 335 Ark. 113, 118, 983 S.W.2d 113, 115 (1998) (internal citations omitted). *See also Moore v. Dunsworth*, 2013 Ark. App. 197 (rejecting appellant's argument that the circuit court's determination of property ownership on remand, after we reversed the finding of adverse possession as a question of law, exceeded the scope of our mandate). The circuit court in the present appeal did not exceed our mandate by determining the issue initially presented to it— the division of marital property—which remained unresolved. Finally, Arkansas Code Annotated section 9-12-315(a)(1)(A) (Repl. 2009) mandates that all marital property be distributed one-half to each party "unless the court finds such a division to be inequitable," in which event the court "shall make some other division that the court deems equitable" after considering nine statutory factors. Here, the circuit court did not find an equal division to be inequitable; thus, there was no requirement for consideration of the statutory factors for

3

an inequitable distribution.

Affirmed.

VIRDEN and WHITEAKER, JJ., agree.

*Helen Rice Grinder*, for appellant.

*Jerry D. Patterson*, for appellee.