Cite as 2025 Ark. App. 160

# ARKANSAS COURT OF APPEALS
## DIVISION III
### NO. CV-24-46

| | |
|---|---|
| RONALD E. NICHOLS<br><br>APPELLANT<br><br>V.<br><br><br>JANICE E. NICHOLS<br><br>APPELLEE | Opinion Delivered March 12, 2025<br><br>APPEAL FROM THE COLUMBIA COUNTY CIRCUIT COURT<br>[NO.: 14DR-22-34]<br><br><br>HONORABLE EDWIN KEATON, CIRCUIT JUDGE<br><br>AFFIRMED |

**CASEY R. TUCKER, Judge**

This is an appeal from the Columbia County Circuit Court's order determining appellee's entitlement to funds held in the appellant's attorney's trust account. On appeal, the appellant argues that the circuit court erred (1) when it ruled that the property delivered to the appellant, Ronald Nichols, in the form of a cashier's check, was not a gift and the separate property of Mr. Nichols; and (2) when it did not find that the Social Security Retirement benefits of the appellant, Ronald Nichols, directly traceable to the account, were not his separate property and were subject to division in the divorce.[1] We affirm.

---

[1]Appellant's points on appeal commingle his arguments in his first point that the money was a gift from appellee with those in his second point that the funds remained his separate property despite being placed into a joint account. We will streamline the arguments into two separate and distinct issues for review on appeal: (1) whether the money

I. *Background Facts*

Ronald Nichols and Janice Nichols were married for approximately ten years—from 2012 until they separated in March 2022. During the marriage, Ronald's and Janice's Social Security and retirement benefits were directly deposited into a joint account at People's Bank of Magnolia (the "People's Joint Account"). Funds from this account were used to pay joint expenses and purchase vehicles throughout the marriage.

On December 1, 2021, Ronald and Janice went to People's Bank of Magnolia where Ronald caused to be issued a cashier's check in the amount of $150,000 (the "cashier's check") drawn on the People's Joint Account and made payable to Ronald individually.

In Janice's complaint for divorce filed on March 18, 2022, she pled that Ronald had emptied their joint account at Bancorp South and had converted the funds held in the People's Joint Account into a cashier's check in his own name, thereby converting marital funds and impoverishing Janice.

At a temporary hearing on March 31, 2022, the circuit court ordered Ronald to return $215,000 to the People's Joint Account. Ronald filed a motion for relief from the temporary order, stating that the People's Joint Account no longer existed and that he had closed that account and deposited $42,000 into an account in Janice's name and deposited the $150,000 cashier's check (which he called a gift from Janice) into his

---

in question was a gift from appellee to appellant; and (2) whether the money in question remained appellant's separate property and, thus, not subject to division by the circuit court.

2

attorney's trust account (the "Attorney Trust Account"). Ronald also filed a counterclaim for divorce.

On May 23, 2022, the parties filed an agreed temporary order acknowledging that Ronald had placed $195,000 into the Attorney Trust Account and more than $44,000 into a checking account in Janice's name.

Following the hearing on November 22, 2022, a decree filed on December 5, 2022, addressed the funds in the Attorney Trust Account as follows:

> 6. It is the further order of this Court that out of the $195,000 that is in the trust account of F. Mattison Thomas, the Defendant shall be entitled to $45,000 of that which represents the sale of the pickup truck that he drove during the marriage, and $75,000, which will be one-half of a $150,000 cashier's check that was drawn on a joint checking account. The balance of $75,000 shall remain in the law firm trust account of F. Mattison Thomas, and a hearing will be scheduled at a later date to determine whether Defendant is entitled to that amount or if Plaintiff is entitled to that amount.

The circuit court held a hearing on May 11, 2023, with the findings memorialized in an order filed on July 18, 2023. It determined that the balance of the $75,000 held in the Attorney's Trust Account was "marital property which should be awarded to [Janice] and was not a completed gift." Ronald filed a notice of appeal and motion for supersedeas bond; however, due to irregularities in the transcript and upon Ronald's oral motion during a Zoom conference, the circuit court set aside the judgment. Ronald withdrew his notice of appeal and motion for supersedeas bond.

The circuit court held another hearing on September 14, 2023. Ronald testified that it was Janice's idea to go to People's Bank to obtain a cashier's check in Ronald's name so

that Ronald would be able to buy a home in case Janice predeceased him. He testified that during the marriage, he sold his home in Texas that he owned before the marriage, and the net sales proceeds were placed into the People's Joint Account. Ronald testified that Janice did all the talking at the bank when he obtained the cashier's check. However, Itzela Powell,[2] the bank representative who issued the cashier's check, stated that Ronald did all the talking, and Janice remained quiet and seemed frail.[3] Janice also testified at the posttrial hearing and stated that she did not intend to give Ronald her share of the People's Joint Account.

On cross-examination, Ronald agreed that the People's Joint Account was used to pay joint expenses and make purchases. Janice's daughter also testified that the parties purchased vehicles with money in the People's Joint Account.

After hearing the evidence and reviewing the joint stipulations, the court found that the parties commingled their funds, paid joint expenses, and made purchases from the People's Joint Account. Because the money in the account was commingled and was used to pay joint expenses and make purchases (such as vehicles), the court found that the $150,000 cashier's check was marital property. Accordingly, the $75,000 was Janice's marital share of

---

[2]Ms. Powell testified at the initial post decree hearing but was unable to attend the September 14, 2023 hearing, and accordingly, the parties entered a joint stipulation of her testimony.

[3]Janice suffers from progressive super nuclear palsy, which is a degenerative disease that affects her ability to care for herself. Her children testified that during the last couple of years of the marriage, Ronald blocked the children's access to Janice.

the cashier's check   The circuit court further found that there was not enough evidence to support Ronald's theory that the $75,000 was a gift from Janice to Ronald.

## II. *Standard of Review*

In reviewing the division of property in domestic-relations appeals, this court reviews the evidence de novo, but we do not reverse a finding of fact unless that finding is clearly erroneous. *Carroll v. Carroll*, 2011 Ark. App. 356, 384 S.W.3d 50.   A finding is clearly erroneous when, although there is evidence to support it, the reviewing court, on its review of the entire evidence, is left with a definite and firm conviction that a mistake has been made. *Norman v. Norman*, 342 Ark. 493, 30 S.W.3d 83 (2000).

## III. *Points on Appeal*

### A. Gift

Ronald's first point on appeal is that Janice gifted Ronald her $75,000 marital share of the cashier's check. The requirements of an inter vivos gift are an actual delivery of the subject matter of the gift to the donee with a clear intent to make an immediate, unconditional, and final gift beyond recall, accompanied by an unconditional release by the donor of all future dominion and control over the property so delivered. *Chalmers v. Chalmers*, 327 Ark. 141, 937 S.W.2d 171 (1997).  For an inter vivos gift to be sustained, these elements must be established by clear and convincing proof. *Jamison v. Est. of Goodlett*, 56 Ark. App. 71, 938 S.W.2d 865 (1997). This court's test on review is not whether there is clear and convincing evidence to support the circuit court's finding but whether it can say

the finding is clearly erroneous. *First Nat'l Bank of Roland v. Rush*, 30 Ark. App. 272, 785 S.W.2d 474 (1990).

Janice testified that she did not intend to make a gift of her share of the People's Joint Account. The circuit court clearly did not find Ronald credible when it noted Ms. Powell's contrary testimony and stated, "So I don't know if we have enough to say 'gift.'" The circuit court's written order stated that Ronald had not met his burden of proof that it was a gift. This court cannot second-guess the fact-finder's credibility determinations. *Roach v. Whitehead*, 2019 Ark. App. 525, at 4, 588 S.W.3d 841, 844. The circuit court's determination that Janice did not intend to gift Ronald her marital share of the People's Joint Account was not clearly erroneous.

## B. Separate Property

Ronald's final point on appeal is that if the $75,000 in question was not a gift, then it was his separate property, which could be traced within the People's Joint Account. Division of property in a divorce is governed by Arkansas Code Annotated section 9-12-315 (Repl. 2020), which requires a circuit court to divide all marital property evenly unless such division is found to be inequitable. When property is held in the names of a husband and wife without specifying each party's interest, there is a presumption that they own the property as tenants by the entirety, and that presumption can only be overcome by clear and convincing evidence. *Bradford v. Bradford*, 2013 Ark. App. 615. Clear and convincing evidence is evidence by a credible witness whose memory of facts is distinct, whose narration

of detail is exact and in due order, and whose testimony is so clear, direct, weighty, and convincing that it enables the factfinder to come to a clear conviction without hesitation. *Id.*

Ronald failed to provide any evidence, much less clear and convincing evidence, to overcome the presumption that the cashier's check, which was directly traceable to the People's Joint Account, was marital property. Ronald argued that his deposit of funds from the sale of his home in Texas and his Social Security retirement benefits into the People's Joint Account were traceable as his separate property and were thus nonmarital. One claiming ownership of nonmarital property that has been commingled with marital property bears the burden of tracing the separate property so that it can be treated as such for property-division purposes upon divorce. *Scott v. Scott*, 86 Ark. App. 120, 161 S.W.3d 307 (2004). Ronald failed to meet this burden.

The circuit court weighed the evidence and found that the parties commingled their funds in the People's Joint Account and paid bills and bought certain items with money from that account. The source of the funds is of minimal value by virtue of their placement in a joint account to which the parties have joint access. *Singleton v. Singleton*, 99 Ark. App. 371, 260 S.W.3d 756 (2007). *See also Jablonski v. Jablonski*, 71 Ark. App. 33, 25 S.W.3d 433 (2000). The circuit court determined that Ronald did not meet his burden of proving the $75,000 was his separate property traceable to his Social Security retirement benefits and the sale of his premarital home. We find that the circuit court did not err in finding that the cashier's check was marital property and thus finding that Janice is entitled to one-half, or $75,000. We affirm.

7

Affirmed.

HARRISON and THYER, JJ., agree.

*F. Mattison Thomas III*, for appellant.

*David P. Price*; and *Brian G. Brooks, Attorney at Law, PLLC*, by: *Brian G. Brooks*, for appellee.